## CATER AND GREENING v. HUNTER, ADM'RS.

1. A declaration describing a promissary note as bearing date in November, 1836, and payable on the 1st day of March, eighteen hundred and twenty-nine, meaning thirty-nine, must be considered as containing a sufficient cause of action, after a judgment by default.
2. The defendant omitting to plead to such a declaration, thereby admits the cause of action as stated, and the damages may be ascertained by the clerk, without the intervention of a jury.

Writ of error to the Circuit Court of Conecuh county.

ACTION of assumpsit on a promissory note, which is described in the declaration, as dated on the 5th day of November 1836, and the averment is made, that thereby the said defendant promised to pay to the plaintiff's intestate the sum of one thousand dollars on the first day of March 1829, (meaning thirty-nine.)

The defendants suffered judgment to go against them by default, and now assign for error,

1. That the instrument declared on, will not maintain a special assumpsit.

2. That the averment is not sufficiently positive and certain; that the defendants by the said note intended to pay the said sum of money at a different time from that stated in the note.

3. The averments of the declaration respecting the supposed mistake should have been proved.

4. Judgment final could not properly be rendered without the intervention of a jury.

HAMMOND, for the plaintiffs in error, cited Chitty on Bills 354. 1 Chitty's Plead. 304, 307. Thompson vs. Gray, 2 S. & P. 60.

BOLLING, contra, relied on McGehee vs. Childress, (2 Stew't 50.)

GOLDTHWAITE, J.—1. The first and second assignments of error question the sufficiency of the declaration to charge the defendants.

The note is described according to its terms, and the declaration must be considered as insisting that the parties, by the words eighteen hundred and *twenty-nine*, meant the year of our Lord one thousand eight hundred *thirty-nine.*

It is very evident, when the date and time of payment is compared together, that there must be a mistake in one of these particulars. The plaintiffs aver, in substance, that the mistake is in the time of payment, and, although the averment is not very precise or definite, we must intend it to be sufficient after a default; indeed, it is difficult to say why the allegation of what was meant by the note, would not be sufficient under any aspect in which this case could be presented. The question does not arise, how this averment was to be proved, if denied ; nor need we consider how far the note itself would be evidence of the intention of the makers.

2. The defendants by suffering a default admitted the cause of action as stated in the declaration, and it was competent for the clerk to proceed and compute the damages according to the averments of the declaration, as the amount due was certain and ascertained by the note. If, as the defendants suppose, the mistake is in the particular of the date, then the defendants so far from being injured by the assessment of the clerk, have reaped a considerable benefit in escaping the infliction of ten years interest.

In the case of McGehee vs. Childress, (2 S. & P. 50,) it was held by this court, that a judgment by default, admitted the allegation of the declaration, that the event had happened, on which the note described in that case, became due.

The same principle must govern this suit.

Let the judgment be affirmed.