## EWING *vs.* PECK & CLARK.

1. After a judgment by default, although it may be necessary to execute a writ of inquiry, the defendant has not the legal right to plead to the merits of the action, whether his defence existed before, or arose after the rendition of the judgment.

2. The right of a bankrupt to protect himself against the payment of all debts from which he has been discharged is perfect and unqualified; and he may therefore supersede and quash an execution issued in a suit, to which he had not the legal right to plead his discharge before the judgment was rendered against him.

Error to the Circuit Court of Tuscaloosa.    Tried before the Hon. John D. Phelan.

J. L. MARTIN, for the plaintiff in error:

In this case we rely on the following authorities to reverse the judgment.—Lacy, Terrell & Co. v. Rockett, 11 Ala. 1002; Gary v. Bates et al. 12 Ala. 544; Rives v. Garner, ib. 661; 15 ib. 540.

The bankrupt having no interest in the amount of the recovery, which was the only question to be settled by the court after his discharge, and that for aught he knew was a question with his assignee, judgment by default having been rendered pending his petition it was not incumbent on him to do any act for his protection—the claim was discharged as to him—and consequently all the evidences of it, by judgment by default or otherwise, he had nothing to do with.

The only mode in which he could protect himself, is the one now pursued.    If he had interposed his discharge to prevent the inquiry on the judgment by default, he could only have done so by plea *puis darien continuance*, and upon payment of costs from which he was discharged, which shows the incorrectness of the requisition.

PECK, for defendants:

1. If the court will relieve a party now, after so long a time, would it not have been bound to have given the party leave to plead his discharge after a default merely; and if an application had been made to open the judgment and refused, would not a mandamus have been granted?    If the default was taken be-

cause the party neglected to plead a defence that existed at the time the default was taken, the rule would be different, but such is not the case.—See the case of Valkenburgh v. Dedrick, 1 Johns. cases, 133, top page. This is a much stronger case for the defendants in error than the one on the record. In this case an inquest by default was taken in July 1799. The discharge was obtained the February before. The cause was at issue in July 1798, and the default made after that time and before the inquiry was executed. Motion was made on these facts for relief, and the court say the defendant shows no reason why he did not give his discharge in evidence or plead it *puis darien continuance*, and having neglected to make his proper defence, we will not interfere to help him.—See also Palmer v. Hutchins, 1 Cowen, 42, and note b. on page 44. Now I understand the court may exercise his discretion and refuse to set aside a default when the party has neglected to plead a defence in existence at the time default entered, but a good defence that arises after the default and before judgment or verdict, that is before final judgment; in such case the court would be bound to set aside the default and let in the defence. Why have a discretion to refuse such a defence and then the moment judgment is rendered be bound to give relief on a motion and supersedeas ? Such a rule is without sense, and therefore there can be no such distinction.

2. In this case the judgment final was rendered in May 1843: On this judgment a *fi. fa.* was issued within a year and a day. Now was not the party bound to seek this relief as soon as an opportunity offered; but here the party lies by till after a writ of error is barred before he seeks this remedy; indeed six years had elapsed, and now the means of showing the discharge fraudulent may in all probability be lost. It seems to me the case of Mason & Chambers v. Moore & Tulane, 12 Ala. 578, is analogous to this in principle. Again, why did not the party move for a continuance until it could be known whether he would be discharged or apply to chancery for an injunction?— *Ex parte* John S. Foster, 2 Story's Rep. 132-59; Moseley v. Steele & Metcalf, 7 Ala. 295-302. Can this case be looked to without seeing that the defendant in error has neglected his proper remedy and has not been diligent?

DARGAN, C. J.—The defendants in error brought suit against Ewing to recover for services rendered as attornies. At the September term 1842 of the Circuit Court, judgment by default was rendered in their favor, but the inquiry of damages was not had until the next succeeding March term. In December preceding the execution of the writ of inquiry, Ewing obtained a final certificate as a bankrupt, but did not appear or controvert his liability at the time the writ of inquiry was executed and the final judgment rendered. An execution afterwards issued on this judgment and was returned by the sheriff no property. An *alias* being issued, Ewing moved to set it aside, but his motion was overruled, and to review the judgment of the court overruling the motion this writ of error is prosecuted.

A final certificate of discharge duly obtained by a bankrupt is a complete and perfect defence to all suits founded on debts owing by the bankrupt at the time of filing his petition for the benefit of the bankrupt act, except such debts as are exempted from the operation of the act. If no judgment has been rendered at the time he obtains his certificate, he may plead it in bar of a recovery; or if judgment be then rendered and execution is afterwards issued, he may move to set it aside.—Cogburn et al. v. Spence et al. 15 Ala. 549; Maybry et al. v. Herndon, 8 ib. 848. But the right of the bankrupt to protect himself from the payment of all debts from which he is discharged is perfect and unqualified, and he is therefore entitled to a day in court to make his defence without regard to the condition of the suit that may be pending against him at the time he obtains his certificate. If, however, no judgment has been obtained against him and he has had an opportunity to plead his certificate in bar and fails to do so, he is then bound by the judgment and his certificate cannot protect him from its payment. So, too, if one has a release against a demand or other good defence and fails to make it when sued, he will be precluded from afterwards insisting upon it. The inquiry therefore is whether Ewing had the right to plead his certificate in bar before the inquiry of damages was had? If he had not, he may supersede the execution. After a judgment by default has been rendered, although it may be necessary to execute a writ of inquiry to ascertain the damages, the defendant has not the legal right to

plead to the merits of the action.   It is true he may move the
court on affidavit of merits to set aside the default and allow
him to plead to the merits, and the court may grant his motion
on terms, which usually are the payment of costs, that he will
plead issuably, and go to trial without delay.—Tidd's Practice,
vol. 1, 568.   But whether the court will set aside the default
and allow the plea is a matter within the discretion and control
of the court.—4 Taunton, 885 ; Tidd's Practice, vol. 1, 569.
If the court should refuse to set aside the default and allow the
plea, such refusal could not be reviewed on a writ of error.
Guided by these rules, we think the court erred in refusing the
motion ; for it is certain that he could not plead his certificate in
bar at the time of the execution of the writ of inquiry without
setting aside the default, and whether the court would allow this
was a matter of discretion ; and to hold that he must submit to
the discretion of the court whether he should be allowed to in-
terpose his certificate to protect him from the payment of a debt
barred by it, would be in our judgment to subject an absolute
and legal right to the control and discretion of the court.   But
the defendants in error contend that there is a distinction to be
taken between a defence acquired after a judgment by default
and a defence that existed anterior to it; that though it is a
matter of discretion whether the court will set aside the judg-
ment and allow the defendant to plead the latter, yet the de-
fendant has the legal right to plead the former.   We have
examined the authorities to which we have been refered with
some care, but we cannot find that such a distinction has ever
been recognised.   Indeed it must be apparent from the very
condition of the suit, that whether the defence was acquired
before or after the default, the defendant cannot plead it with-
out an application to the court to set the judgment aside, and
this application to set aside the judgment and allow the plea is
addressed to the discretion of the court, whether the defence
existed before or was acquired subsequent to the rendition of the
judgment.   We are therefore of the opinion that the defendant
did not have the legal right to plead his certificate in bar, and
consequently must have the right to set the execution aside.
In the case of Palmer v. Hutchins, 1 Cow. 42, the cause was
at issue on the 3d day of October, when the defendant gave a
*relicta* and *cognovit:*  On the 8th day of the same month he

obtained a certificate of discharge as an insolvent debtor: At the next subsequent term judgment was entered for the plaintiff as of the October term preceding, and the defendant being arrested on a *ca. sa.* issued on the judgment, moved his discharge. The court said that where the defendant has had an opportunity to plead his discharge and failed to do it, he cannot be relieved on motion, but granted the motion on the ground that he could not have pleaded his discharge after giving the *relicta* and *cognovit*. So in the case of Baker v. Taylor, 1 Cow. 165, a verdict was rendered in 1819, but the judgment was not entered until 1823. Intermediate the verdict and judgment the defendant obtained his discharge. A *fi. fa.* being issued on the judgment the defendant moved to set it aside. The court said the discharge was too late to admit of its being pleaded and granted the motion. These authorities we think sustain the view we have taken, for although the *cognovit* was given in the one instance and a verdict rendered in the other, yet no final judgment had been rendered. Until this is done the record of the cause is in *fieri* and under the control of the court. The court had the right to set aside the verdict and to allow the defendant to plead his certificate, but a motion for that purpose is addressed to the discretion of the court and is not a matter of legal right. We can see no difference in principle between the case cited and the case at bar. The court could have set aside the default and allowed the plea, but it was a matter of discretion whether the court would do it or not. The court could have imposed terms in setting aside the default, and if the motion had been refused it would not have been an error that could have been reviewed by this court. The right, however, of the defendant to insist on his discharge in bar of the collection of the debt is absolute and unqualified, and he is not bound to submit either to the discretion of the court, whether he will plead it or not, nor to terms as a condition on which he shall be allowed to plead it. But if the condition of the suit be such when he obtains his certificate that he has not the legal right to plead it in bar, he may move to set the execution aside.

The judgment must be reversed and the cause remanded.