## CURRY *vs.* WILSON.

[TROVER.]

1. *Damages, ascertainment of after judgment nil dicit; what evidence inadmissible.*—In ascertaining the damages to which the plaintiff is entitled, after judgment by default or *nil dicit* in trover, evidence which can only mitigate the damages by subverting the judgment, is inadmissible.

2. *Conversion of goods; when may be deemed to be of best quality.*—Where the quality of the goods converted is not shown, they may be assumed to have been of the best quality.

APPEAL from the Circuit Court of Dallas.
Tried before Hon. M. J. SAFFOLD.

Wilson, the appellee, brought this action against J. A. Curry, the appellant, to recover damages for the conversion of twenty-seven bales of cotton.

The first count, which was in the form given in the Revised Code "for conversion of chattels," claimed damages for the conversion of twenty-seven bales of cotton. The second count alleged, in substance, that in the year 1864 appellant sold R. F. Curry two hundred bales of cotton, and bound himself to deliver one hundred and seventy-five bales of it to R. F. Curry's order, on the 5th of October, 1874, at a described time and place, as agreed on in the contract; that before the date at which the cotton was to be delivered, appellee purchased said one hundred and seventy-five bales of cotton from said R. F., who transferred to appellee appellant's obligation to deliver it, and notified him of the transfer; that while the obligation was of force, appellee demanded a delivery of said one hundred and seventy-five bales of cotton from appellant, &c., who refused, and converted the same to his own use, &c., to appellee's damage, &c.

The appellant appeared by attorney at the fall term,

1869, and the cause was continued by consent at successive terms until the spring term, 1870.

At the spring term, 1870, the following entry was made:

"B. J. Wilson,  )   Came the parties by their attorneys,         vs.        } and it is ordered by the court, that the James A. Curry. ) plaintiff recover of the defendant his damages, unless he appear within thirty days to answer interrogatories filed in this cause."

At the November term, 1870, judgment *nil dicit* was rendered against the defendants and a writ of inquiry awarded, which was executed at the next term. It appears from a bill of exceptions then taken, that " the plaintiff testified that in the fall of 1864 he bought of R. F. Curry, through Wm. Y. Lundie, (who is now dead,) as the agent of said R. F. Curry, one hundred and seventy-five bales of cotton, which was represented to be in the possession of the defendant, in Talladega county, Alabama; that subsequent to the purchase, he received of the defendant one hundred and forty-eight bales of said cotton; and in the summer of 1865 demanded of defendant twenty-seven bales of said cotton to make up said lot of one hundred and seventy-five bales. The defendant did not deliver the same when demanded, and has not delivered said twenty-seven bales since the demand; that in the fall of 1869 cotton that classed as middling was worth forty-five cents per pound in Selma. The plaintiff testified, on cross-examination, that he never saw the cotton in controversy in this suit, and did not know that said cotton ever existed, or the quality of the cotton, if it ever existed, and had no means of forming an opinion of the value of the cotton, except to compare it with cotton that classed as middling. The defendant objected to the statement of the plaintiff of the value of the cotton going to the jury as evidence, on the ground that there was no evidence of the existence of said cotton at any time, or evidence of its identity, or quality, if it ever existed, of which there was no evidence. The defendant's counsel stated at the time of making said ob-

jection, that it was made to prevent the statement of the witness going to the jury as evidence of value of the cotton, for the purpose of mitigating the damages claimed by the plaintiff. The objection so made by the defendant was overruled by the court, and the defendant excepted. The foregoing evidence of the plaintiff was all the evidence that was offered by the plaintiff.

"The defendant was introduced as a witness, and proposed to testify for the purpose of mitigating the damages claimed by the plaintiff, that on the 5th day of July, 1864, he made an agreement with R. F. Curry to deliver to said R. F. Curry one hundred and seventy-five bales of cotton, belonging to said R. F. Curry, which cotton was then in the possession of the defendant in Talladega county, Alabama, and was to be delivered on the Alabama & Tennessee Rivers Railroad, when the defendant should be requested to deliver said cotton, unless the cotton should be destroyed by fire, or yankee depredations; in that event, the defendant was released from all obligations to deliver said cotton. In October, 1864, the defendant was informed by Wm. Y. Lundie, of Selma, Alabama, that he, as agent of said R. F. Curry, had sold said one hundred and seventy-five bales of cotton to the plaintiff. When the defendant was informed by Lundie of the sale of said cotton to the plaintiff, he notified the plaintiff of his readiness to deliver the one hundred and seventy-five bales of cotton; and between the 9th and 12th of October, 1864, the defendant delivered to plaintiff one hundred and twenty-eight bales of said cotton. On the 23d day of April, 1865, all of said cotton not delivered as above stated, except eighteen or nineteen bales, was burnt by a brigade of Federal soldiers, under command of Gen. Croxton, in the military service of the United States. The defendant had never been notified or requested to deliver said cotton before it was so destroyed by fire. On the 16th day of May, 1865, the defendant delivered to S. W. Riddle, as agent of the plaintiff, having authority to represent the plaintiff, the eighteen or nineteen bales of cotton that had not been destroyed by

fire by Croxton's command. The one hundred and twenty-eight bales of cotton delivered to said Buckalew, the eighteen or nineteen bales delivered to said Riddle, and the cotton destroyed by fire by Croxton's brigade, as above set out, includes the whole of the one hundred and seventy-five bales of cotton which the defendant, by his said agreement of July 5th, 1864, was to deliver to R. F. Curry, which he was informed by William Y. Lundie had been sold to the plaintiff, as hereinbefore stated. The plaintiff objected to the evidence proposed to be given by the defendant as above set out; the objection was sustained by the court, and the defendant excepted.

"The court charged the jury, that the only question before the jury for their consideration was the measure of the plaintiff's damages; that a judgment *nil dicit* at a previous term ascertained the plaintiff's right to recover, and precluded all other questions, except the measure of the plaintiff's damages; that the only evidence before the jury was that of the plaintiff, under which the jury should find for the plaintiff the value of the twenty-seven bales of cotton, with interest on such value from the time of the conversion of the cotton. To which charge the defendant excepted.

"The defendant then requested the court to give three charges in writing, stating that the charges were asked for the purpose of mitigating the damages claimed by the plaintiff; which charges are as follows: 1. To authorize the jury to find for the plaintiff, the jury should be satisfied by the evidence of the identity and value of the cotton sued for. 2. There is no evidence before the jury of the quality of the cotton sued for, and that evidence of the value of middling cotton is not conclusive of the value of the cotton sued for. 3. The plaintiff is not entitled to a verdict unless the jury are satisfied from the evidence of the quantity and value of the cotton sued for. The court refused to give said charges severally as they were asked, and the defendant excepted to the several rulings of the court in refusing to give said charges as said several rulings were made."

The various rulings of the court to which exception was reserved, and the charge given and the refusal to give the charge requested, are now assigned for error.

HEFLIN & PETTUS, for appellant.

MORGAN, LAPSLEY & NELSON, *contra.*

B. F. SAFFOLD, J.—The judgment by *nil dicit* rendered against the defendant, who is the appellant, ascertained that he had converted to his own use, some cotton which was the property of the plaintiff.

In executing the writ of inquiry at the subsequent term, the only questions involved pertained to the damages to be recovered by the plaintiff. The evidence offered by the defendant, and excluded, tending to show the destruction of the cotton under circumstances which would relieve him from any liability, was matter of defense, subversive of the judgment.—*Ewing v. Peck & Clark,* 17 Ala. 339.

The measure of damages in trover, is the value of the goods at the time of the conversion, or at any subsequent time before the trial, with interest thereon. The reason of the rule is to indemnify the plaintiff fully, and to prevent the defendant from deriving any benefit from his tortious conduct.— *Williams v. Crum,* 27 Ala. 468; *Ewing v. Blount,* 20 Ala. 694. For the same reason, when the quality of the goods is not shown, the defendant can not complain if they are assumed to have been of the best quality. There is no error in the charge of the court, or in its refusal of those asked by the defendant.

The judgment is affirmed.