# Milhous *v.* Aicardi.

*Motion to quash and supersede Execution.*

1. *Bankruptcy; when and where certificate of discharge may be impeached, for fraudulent omission of creditor's name.* — A creditor, whose name was fraudulently omitted from the schedules filed by a petitioning bankrupt debtor, can only impeach the certificate of discharge in the court by which it was granted, and within two years after it was granted.

2. *Supersedeas of execution.* — When an execution is sued out on a judgment rendered against a bankrupt prior to his discharge in bankruptcy, it may be quashed and superseded on petition in the court from which it issued.

[Milhous *v.* Aicardi.]

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. M. J. SAFFOLD.

The appellant in this case obtained a judgment in the said circuit court of Dallas, on the 7th December, 1866, against Antonio Aicardi and Thomas J. Portis, and sued out an *alias* execution on it on the 11th April, 1873. At the next ensuing term of the court, Aicardi made a motion to quash this execution, and perpetually to stay the issue of any other execution on the said judgment, on the ground that, on the 29th day of November, 1870, on his own petition, he was duly and regularly adjudged a bankrupt by the district court of the United States, sitting in bankruptcy, for the middle district of Alabama, at Montgomery. In answer to this motion, the plaintiff in execution averred, "that said judgment is not barred or discharged by the said defendant's discharge in bankruptcy, because she says — 1st, that in the schedule of his debts and liabilities, which he was required to file with his petition, he wholly failed and omitted to include this respondent's said judgment against him, and also omitted plaintiff's name and place of residence as one of his creditors ; by reason of which failure and omission, this respondent was not notified, as by law required, of the filing of said petition in bankruptcy, nor of the said defendant's application for his discharge, and had no knowledge of said proceedings in bankruptcy, and her claim was not proved in said bankrupt court, and said court did not obtain jurisdiction of her said claim. And for further answer to said motion, plaintiff says — 2d, that said judgment is not barred or discharged by defendant's said discharge in bankruptcy, because she says that, although the said defendant well knew of the existence of said judgment against him, he did not include the same, nor this plaintiff's name as one of his creditors, in the schedule of his debts and liabilities filed with his petition in bankruptcy, but falsely and fraudulently omitted the same from such schedule ; by reason of which omission, this respondent was not notified of said defendant's application for his discharge, and had no knowledge of such bankrupt proceedings, and her said claim was not proved in the bankrupt court, and said court did not obtain jurisdiction in the premises." The circuit court sustained a demurrer to each part of this answer, or plea, and rendered judgment quashing the execution, and ordering a perpetual stay of execution on the judgment; and the judgment on the demurrer is now assigned as error.

J. L. EVANS, for the appellant. — 1. No person can be bound by the judgment or decree of any court, without notice, actual or constructive, of the proceeding in which such judg-

[Milhous v. Aicardi.]

ment or decree is rendered. *The Mary*, 9 Cranch, 126; *Bradstreet* v. *The Neptune*, 3 Sumner, 600; *Hollingsworth* v. *Barbour*, 4 Peters, 466; 1 Barb. S. C. 286; 12 Wheaton, 366; 4 Conn. 383, and cases cited; 8 Conn. 484; 9 Mass. 468; 1 Kelly, 412–15; 12 Ala. 826.

2. Cases in which constructive notice is regarded as the equivalent of personal notice, are exceptions to the general rule of law; and the means prescribed by statutes, to effect constructive notice, must be strictly pursued. 4 Peters, 466; 2 Cowen, 420; *Gunn* v. *Howell*, 27 Ala. 675; Dwarris on Statutes, 567.

3. The bankrupt law, in its prescribed mode of bringing parties before the court, as well as in the objects to be attained, is a statute in derogation of common right. Bank. Law, §§ 34, 11.

4. The bankrupt act requires the petitioning debtor to annex to his petition a sworn schedule of *all his debts absolutely*, and, as far as possible, the names, &c. of his creditors; and that each of such creditors shall be served, personally, or by mail, with notice of the filing of the petition. B. L. § 11; Bump, 5th ed. 27; *Batchelder* v. *Low*, 43 Vermont, 662. And the bankrupt is discharged from such debts only as " might " have been proved. B. L. § 34.

5. The demand of a particular creditor may be held not to be released or affected by a discharge in bankruptcy, without affecting the validity of the discharge as to other creditors. *Barnes* v. *Moore*, 2 Bank. Reg. 174; *Batchelder* v. *Low*, 43 Vermont, 662; *Beardsley* v. *Hall*, 36 Conn. 270; *Hill* v. *Robbins*, 1 Mich. N. P. 305.

6. When the discharge is pleaded, the question of the extent of its operation on the debts of the bankrupt comes up for determination by the court in which it is pleaded. *In re Kimball*, 2 Bank. Reg. 74; *In re Rosenberg*, Ib. 81; *In re Wright*, Ib. 57; *Barnes* v. *Moore*, Ib. 174; *Beardsley* v. *Hall*, 36 Conn. 270; *In re Goodfellow*, 3 Bank. Reg. 114.

7. When a statute prescribes a new proceeding, either unknown to the common law or contrary thereto, it must be shown to have been strictly pursued, at least so far as those parts of it essential to jurisdiction are concerned. *Earthman* v. *Jones*, 2 Yerger, 493; cited and approved in *Foster* v. *Glazener*, 27 Ala. 397. When a court of general jurisdiction has a special authority conferred on it by statute, it is, *quoad hoc*, an inferior or limited court; and in summary proceedings, based upon a statute, every requisite to the exercise of the right is necessary to the jurisdiction of the court. *Gunn* v. *Howell*, 27 Ala. 675, and cases there cited.

8. A debt, fraudulently omitted from the bankrupt's sched-

[Milhous *v.* Aicardi.]

ule, is not released by his discharge. *Batchelder* v. *Low*, 43 Vermont, 662 ; *Beardsley* v. *Hall*, 36 Conn. 270. Nor is an omitted debt released, although the omission was without design or fraud. *Barnes* v. *Moore*, 2 Bank. Reg. 174 ; *Hill* v. *Robbins*, 1 Mich. N. P. 305.

JOHN WHITE, *contra.* — 1. In the absence of fraud, the failure of a bankrupt to include a debt in his schedule does not prevent the debt from being barred by his discharge. *Magoon* v. *Warfield*, 5 Iowa, 292 ; *Solomon* v. *Dana*, 22 Vermont, 337 ; *Reid* v. *Vaughan*, 15 Missouri, 137 ; *Shelton* v. *Pease*, 10 Missouri, 473 ; *Thornborough* v. *Modern*, 33 Iowa, 380 ; *Payne* v. *Able*, 7 Bush, 344 ; 3 Amer. R. 316 ; *Burnside* v. *Bingham*, 8 Metc. 75 ; *Brown* v. *Bibb*, 1 Rich. 374 ; *Mitchell* v. *Singleterry*, 18 Ohio, 291 ; *Fox* v. *Payne*, 10 Ala. 523 ; *Symonds* v. *Barnes*, 8 Amer. 418; *S. C.* 59 Maine, 191; *Hubbell* v. *Camp*, 11 Paige, 310.

2. A discharge in bankruptcy can only be impeached in a court of the United States. *Oates* v. *Parish*, 47 Ala. 157 ; *Ocean Bank* v. *Olcott*, 46 N. Y. 12 ; *Alston* v. *Robinett*, 37 Texas, 56 ; *Corey* v. *Ripley*, 57 Maine, 69.

B. F. SAFFOLD, J. — The appellee moved the court to supersede perpetually execution on a judgment rendered against him, in favor of the appellant, in 1866, on the ground that he was discharged from liability in bankruptcy in 1870, on his own petition, filed in 1868. The appellant objected, because his schedule of indebtedness omitted her judgment, and her name and place of residence as one of his creditors. For this reason, she alleged, that she had had no notice of the proceeding in bankruptcy, and no opportunity to file her claim ; with the further averment, that the omission was falsely and fraudulently made. The court overruled the objections, and granted the *supersedeas.*

This court has decided, that the omission of a bankrupt to state a debt, and his failure to notify the creditor of his application for discharge, do not, together, render the discharge inoperative against the omitted debt. *Fox* v. *Paine*, 10 Ala. 523. The court held the requirements of the law, in respect to the statements of the schedule, to be directory only, not merely from the latitude given by the act itself, but by reason of the great difficulty in complying with certainty and precision in all cases. The 11th section of the act of 1867, which prescribes the schedule and its statements, directs the judge or register to issue a warrant to the marshal, as messenger, authorizing him forthwith to publish notices in such newspapers as the warrant specifies ; " to serve written or printed notice,

by mail or personally, on all creditors upon the schedule filed with the debtor's petition, *or whose names may be given to him in addition by the debtor*," &c. The 34th section discharges the bankrupt from all debts proved and provable against his estate, except those enumerated in the 33d section. It makes the certificate of discharge conclusive evidence, in favor of the bankrupt, of the fact and regularity of his discharge ; except that, within two years from the date thereof, the discharge may be set aside and annulled, in the same court, on proof that it was fraudulently obtained. It is thus seen that, by the terms of the act, the discharge can only be annulled in the bankrupt court, and within two years from its grant. No debts are excepted from its operation, except those enumerated in the 33d section ; and no state court has jurisdiction to impair its force, save only in ascertaining the *facts* of the exceptions referred to, or the provability of a demand not within the exceptions.

If the omission of a creditor's name and debt, from the debtor's schedule of his liabilities, should have the effect to exempt that debt from the discharge, the inducement to fraudulent bankruptcy would be much enhanced, by agreements with creditors who knew too much ; while the bankrupt's simple ignorance of the condition of his affairs, or his reasonable belief that, in certain instances, no obligation existed, would make the law a snare to him.

2. The remedy by *supersedeas* is proper.   *Ewing* v. *Peck*, 17 Ala. 339 ; *S. C.* 26 Ala. 413.

The judgment is affirmed.

NOTE BY REPORTER. — The appellant's counsel having filed an application for a rehearing, on the points and authorities shown in his brief, *supra*, the foregoing opinion was withdrawn, and the cause was held under advisement until December, 1876, when the following additional opinion was delivered, and the reporter was instructed to publish both of the opinions.

MANNING, J. — A judgment of affirmance was rendered in this cause, at a former term ; and a rehearing was allowed, upon the question, whether the fraudulent omission of a creditor's name from the schedules annexed by a debtor to his petition for the benefit of the bankrupt law of 1867, so invalidated the discharge afterwards granted him thereupon in the district court of the United States, as to prevent it from barring the creditor's proceeding against him for the recovery of the debt in a state court. The supreme court of Vermont, in a forcible opinion, held that a discharge so obtained should not be used

as a shield for the bankrupt debtor in such a case. *Batchelder* v. *Low*, 43 Vermont, 662. The opposite of this proposition was maintained in the highest judicial court of Massachusetts, in *Black* v. *Blazo*, 117 Mass. 17. See, also, *Corey* v. *Ripley*, 56 Maine, 69; *Way* v. *Howe*, 108 Mass. 502; *Burpee* v. *Sparhawk*, Ib. 111.

It is well settled, that the omission through mistake, without fraud, of a debt, or of a creditor's name, from the schedules of a petitioning bankrupt, does not impair the efficacy of the discharge granted him. Numerous decisions to this effect are collected on page 930 of the 8th edition of Mr. Bump's Law and Practice of Bankruptcy. These decisions are founded on the idea, that by the publication and advertisement required by the 11th and 29th sections of the bankrupt act, now contained in part in sections 5019 and 5109 of the Revised Statutes of the United States, the parties concerned in the subject-matter of a proceeding in bankruptcy had all the notice which the congress of the United States, whose control and jurisdiction over it are complete, thought indispensably necessary in a cause which is of the nature of a proceeding *in rem.* And the provision in the same law of congress, that the court granting to a bankrupt debtor a discharge from his debts shall have authority, upon sufficient reasons being shown, within two years afterwards, to set aside or annul such discharge, has been generally construed to be, in effect, an inhibition of a like authority to any other court, and also as prescribing a moderate and just period of time, not too late in the debtor's life, after which he shall not be harassed by charges, of which the evidence for his defence may be lost, and which might prevent him from prosecuting a subsequent career of industry and usefulness.

This policy rests upon the assumption, which is the basis of other enactments and legal requirements, that every person takes so much interest in the property which belongs, or the credits which are due to him, as to keep himself informed of all the circumstances which affect their value; and therefore, that if it shall happen that the leisurely proceedings which take place in open court, after advertisement in the public newspapers, for the release of a bankrupt debtor, escape while thus in progress the observation of his creditors, it is reasonably certain that their ignorance of his discharge will not continue two years after it was granted.

In the cause before us, the only fraud charged against the appellee relates to the omission of the appellant's name as one of his creditors. It is not alleged that the debtor did not surrender all his property and effects, or that the appellant had knowledge of facts which would have prevented the granting of a discharge. The only injury, inferable from the averments

[Milhous v. Aicardi.]

of the replication, that he can have sustained, is that he did not participate with other creditors in the distribution of the bankrupt's estate. In this respect, the appellant is no worse off than another creditor would be, whose name was omitted from the schedule only by mistake; and it is established, as we have seen, that the law affords no redress to such creditor. It would, we think, be a contravention of the law and policy of congress, in a matter over which it has exclusive jurisdiction, to allow the appellant to come in, and set aside, as to him, the discharge granted to his debtor by a district court of the United States, sitting in bankruptcy, and carrying out the provisions of the bankrupt act of 1867, upon an allegation by appellant, made more than two years after the granting of such discharge, that his name was fraudulently omitted from the schedules of his debtor.

The judgment of the court below is, therefore, affirmed.