# Shulman, Goetter & Weil *v.* Graves.

### *Action for Breach of Special Contract.*

1. *Bankruptcy; composition with creditors; requisites of plea.*—A composition between a bankrupt and his creditors, when approved by the court, is binding and conclusive only on the creditors whose names and address, with the amount of their debts, are included in the statement furnished by the bankrupt to the creditors' meeting (Rev. Stat. U. S. § 5103); and when such composition is pleaded by the bankrupt, in bar of a subsequent action by a creditor, the plea must aver that the plaintiff's name, &c., were included in the defendant's statement.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

This action was brought by Wm. D. Graves, against Louis Goetter, David Weil, and Louis Shulman, who are described in the summons, but not in the complaint, as "late partners doing business in the name of Shulman, Goetter & Weil;" and was commenced on the 3d July, 1878. The summons and complaint were served on Goetter and Weil, and returned not found as to Shulman; but the action was treated as a suit against the partnership. The complaint contained only a single count, which was in these words: "The plaintiff claims of the defendant one thousand dollars, for that

whereas, to-wit, on the 9th day of January, 1872, Henry H. Mead and W. J. Wilson were indebted to plaintiff in the sum of $536.12, due by promissory note for said sum, dated May 1st, 1871, and due on the 1st October, 1871, with interest from the date thereof, payable to one H. W. Clayton; which note was previously thereto transferred to said plaintiff: and whereas, on, to-wit, said 9th January, 1872, the said H. H. Mead was indebted to defendants in a large sum, to-wit, in the sum of $3,000, and was the owner of certain real and personal property situated in said county of Montgomery; he, the said Mead, proposed to *receive* [secure?] the said sum, so due to plaintiff, by mortgage upon said property; whereupon, defendants offered and promised to pay to plaintiff the said sum so due to him from said Mead, one half in cash, and the balance in the fall of 1872, if the said Mead would trade with defendants in the purchase of his supplies during the year 1872, and would execute a mortgage upon his property to secure the said sum so due to defendants, and the price of such supplies as he might purchase from defendants during the year 1872, and, for further security, would also execute a lien upon the crop of said Mead to be grown during the year 1872; and all of which was to be due and payable on the 1st day of October, 1872. And plaintiff avers, that said offer, so made by defendants, was accepted by said Mead and plaintiff; and the said Mead did, on said 9th January, 1872, execute the mortgage and lien upon the said crop for the security of the amount due from said Mead to defendants, and the price of goods and supplies to be bought as aforesaid during the year 1872; and thereupon defendants promised to pay to plaintiff the amount of said note, and did pay to plaintiff, to-wit, on the 3d day of February, 1872, three hundred dollars, and promised to pay the balance due upon said note in the fall of 1872; and although often requested to do so, the defendants have failed and refused to pay the same," &c.

The defendants pleaded, "in short by consent: 1. The general issue. 2. The statute of limitations of three years. 3. The statute of limitations of six years. 4. The statute of frauds. 5. And defendants further say, that, before the commencement of this suit, they were adjudged bankrupts by the District Court of the United States at Montgomery; and afterwards, by the authority of said court, a composition was had with their creditors, which was duly approved by said court. 6. And defendants further plead, as a set-off, a note executed by plaintiff to defendants on the 27th November, 1873, for $170.85, payable one day after date; which sum, with the interest thereon, is still due and unpaid."

[Shulman, Goetter & Weil v. Graves.]

The plaintiff demurred to the 5th plea, "in short by consent," "because it does not appear from said plea that the name and address of plaintiff, and the amount of the debt due to him, was shown in the statement of defendant at the meeting of creditors passing the resolution of acceptance of said compromise." The court sustained the demurrer, and its judgment in that behalf is now assigned as error.

SAYRE & GRAVES, for appellants.—The statute provides for a composition with the bankrupt's creditors, under the direction of the court, and subject to its approval.—Rev. Stat. U. S. § 5103. The plea sets out such a composition, and avers that it was had under the authority of the court, and was approved by the court. The term *composition* is general, and includes every detail of fact necessary to make it effectual; and the word *creditors*, as used in the plea, must be construed to mean all creditors. The pleadings are "in short by consent," and the language must be construed liberally.—*Jackson v. Jackson*, 7 Ala. 791; *Amason v. Nash*, 24 Ala. 279; *Governor v. Bancroft*, 16 Ala. 605. That the name and address of plaintiff were not included in the statement submitted to the meeting of creditors, if such was the fact, was matter for a replication to the plea.

R. M. WILLIAMSON, and T. M. ARRINGTON, *contra*, cited Bump on Bankruptcy, 9th ed., 676; 12 Blackf. 562; 12 Bank. Reg. 201; 13 *Ib.* 455.

BRICKELL, C. J.—The act of Congress declares: "The provisions of a composition, accepted by such resolution, in pursuance of this section, shall be binding on all the creditors whose names and addresses, and the amounts of the debts due to whom, are shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed, but shall not affect or prejudice the rights of any other creditors." A former clause renders it the duty of the bankrupt to produce to the meeting of creditors, at which the resolution of composition is adopted, "a statement showing the whole of his assets and debts, and the names and addresses of the creditors to whom such debts respectively are due; and it is further provided, that the resolution of composition, when approved by the court, shall be operative, if passed by a majority in number and three-fourths in value of the creditors assembled at such meeting, and confirmed by the signatures of the debtor and two-thirds in number and one-half in value of all the creditors.

A discharge in bankruptcy, granted by a court of compe-

[Shulman, Goetter & Weil v. Graves.]

tent jurisdiction, like judgments and decrees operating *in personam*, cannot be collaterally impeached for mere defects or irregularities in the proceedings.—*Morrison v. Woolson*, 29 N. H. 510; *Lathrop v. Stuart*, 5 McLean, 167; *Richards v. Nixon*, 20 Penn. 19. The act of Congress makes the certificate conclusive evidence, in favor of the bankrupt, of the fact and regularity of the discharge. A discharge, obtained under the bankrupt law of 1841, could be impeached for fraud in any court before which it was pleaded.—*Mabry v. Herndon*, 8 Ala. 848. But, under the bankrupt law of 1867, the discharge could be impeached, for any cause which would have prevented it from being granted, only in the court in which the adjudication was had, and within two years after the date thereof.—*Oates v. Parrish*, 47 Ala. 157; *Milhouse v. Aicardi*, 51 Ala. 594.

The court in bankruptcy having acquired jurisdiction, resolutions and proceedings in composition may be pleaded in bar of the right of a creditor to maintain a suit on a demand within their operation. The regularity of the proceedings is as incapable of impeachment collaterally, as would have been a discharge granted by the court, if the discharge had not been rendered unnecessary and improper by the intervention of the composition.— *In re Becket*, 12 B. R. 241; *Smith v. Eagle*, 14 B. R. 241; Blumenstiel's Law and Practice in Bankruptcy, 461. The regularity of the proceedings may not be impeached, and may be unimpeachable: the mode of procedure pointed out may be strictly pursued; and yet there may be creditors on whom the proceedings do not operate—creditors not bound or affected by the composition, whose rights are preserved unimpaired, by the terms of the statute. As to such creditors, the jurisdiction of other courts is not affected. They are not required to resort to the bankrupt court, to annul or vacate the composition. If the composition is pleaded against them, the court will inquire whether they are of the class on whom it is binding, or whether they are of the class not affected by it. The inquiry will not be, whether the composition is tainted with fraud—whether the proceedings leading to it were regular: but, whether it is binding on the particular creditor. Such inquiry, like an inquiry as to the jurisdiction of a court rendering a judgment relied on as a bar, must be made by any court in which the composition is pleaded.—*Ex parte Paper Staining Co.*, 8 Ch. App. 595.

As a plea of discharge in bankruptcy must show the jurisdiction of the court granting it, a plea of composition should also show that it is binding on the party against whom it is pleaded. Binding only on creditors who were shown by the

[Martin v. Lile.]

statement of the bankrupt, produced at the meeting of creditors passing the resolution of composition, the plea must aver that such statement included the name and debt of the plaintiff. This is as essential to the efficacy of the composition, as is jurisdiction to the efficacy of a discharge. Intendments are not made to support pleadings, when assailed by demurrer. The pleader is presumed to state the case as strongly for himself, as the facts will authorize. The omission to state a material fact justifies the court, in pronouncing judgment, in assuming the fact does not exist. The plea, not showing that plaintiff's claim was included in the statement produced to the meeting of creditors, did not show the composition was binding on him, and the demurrer to it was properly sustained.

The omission of the name and demand of a creditor from the schedules of a bankrupt, if inadvertent, is not ground for impeaching the discharge. If fraudulent, it may be ground for its vacation in the bankrupt court, but would not be available collaterally. The case is different with a composition, which the statute limits in operation to creditors whose names and addresses, and the amounts of whose debts, are shown in the statement produced by the bankrupt to the meeting of creditors accepting it.

Let the judgment be affirmed.