# ·Washington County *v.* Porter.

### *Action of Assumpsit.*

1. *Suit against county; judgment by default; sufficiency thereof.*
   While, in order to maintain a suit against a county, it is neces-
   sary to aver and prove that the claim sued on was presented
   to and disallowed by the court of county commissioners,
   (Code, § 13), still, if the complaint in such an action alleges
   the presentation and disallowance of the claim, and the de-
   fendant fails to appear and a judgment by default is ren-
   dered against him, it is not necessary to the validity of such
   judgment that the entry thereof should contain a recital that
   proof was made that the claim had been presented to the
   court of county commissioners in the manner prescribed by
   the statute, and disallowed; the failure of the defendant to ap-
   pear being an admission of the allegations of the complaint·
   as to the presentation of plaintiff's claim and its disallowance.
2. *Same; same; sufficient averment of verification of claim.*—In a
   suit against a county, the allegation in the complaint that the
   claims sued on were "itemized and verified as required by
   law," or was "duly itemized and verified," is the equivalent
   of an allegation that such a claim was "itemized and sworn to"
   as required by the statute, (Code, § 1417), and in such a suit
   a judgment by default is not erroneous because the complaint
   did not aver that the claim was "sworn to," as expressed in
   the language of the statute.
3. *Pleading and practice; defendant can not file plea after judg-
   ment by default.*—After a judgment by default has been ren-
   dered in a case, the defendant has no legal right to file a
   plea to the merits of the cause of action, although such plea
   may have been filed before proceeding to execute the writ of
   inquiry, which was necessary to fix the amount the plain-
   tiff was entitled to recover; since, on the execution of a writ
   of inquiry, the only question involved was the amount· of
   damages to which the plaintiff was entitled.

APPEAL from the Circuit Court of Washington.

Tried before the Hon. WILLIAM S.-ANDERSON.

This was a suit brought by the appellee against
Washington County to recover compensation for re-

copying a record book of mortgages in the office of the judge of probate of Washington county.

The material facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

After the rendition of a judgment by default in favor of the plaintiff, the defendant moved the court to set aside said judgment. The grounds of this motion, insisted upon, are sufficiently stated in the opinion. The motion was overruled, and the defendant duly excepted.

Upon the execution of a writ of inquiry, it was shown by the evidence that the plaintiff had rendered the services, in obedience to a resolution of the court of county commissioners of Washington county. The court declined to allow the defendant to file a plea after the judgment by default was rendered.

Upon the introduction of all the evidence in the execution of the writ of inquiry, the court instructed the jury as follows: "That the judgment by default had been rendered for the plaintiff, and that all they had to do was to assess the plaintiff's damages; that such damages would be what they found from the evidence to be the value of the work done by the plaintiff for the defendants." Thereupon the defendant requested the court to give the general affirmative charge in its behalf, and duly excepted to the court's refusal to give the charge as asked.

Upon the return of a verdict by the jury assessing the plaintiff's damages, the court rendered judgment accordingly. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

C. C. KIMBROUGH and BROMBERG & HALL, for appellants.—The judgment by default rendered against the appellant in this case was erroneous for two reasons: (1.) Because there was no recital in the judgment entry that the claim against the county had been presented to the court of county commissioners in the manner prescribed by statute, and had been disallowed by them. (2.) Because the complaint did not allege that the claim sued upon was itemized and "sworn to" as

required by section 1417 of the Code.—Code, §§ 13, 1417; *Schroeder v. Colbert County,* 67 Ala. 137.

No counsel marked as appearing for appellee.

TYSON, J.—This action was brought by plaintiff to recover compensation for recopying a certain record book in his office during his term as probate judge, which he was ordered to do as shown by a minute entry on the record of the commissioners' court.    Section 3366 of the Code authorizes the rendition of this service, and requires the court of county commissioners to allow a reasonable compensation therefor.    The necessity for recopying the record is a matter, with which we have nothing to do.    A determination of that question is, under the statute, exclusively one for the court of county commissioners.

The complaint contains three counts and there is an averment that the claim sought to be enforced by each of these counts was presented, after being itemized and verified as required by law, to the court of county commissioners, which was rejected by it, as shown by an order of that court.    A judgment by default was rendered against the defendant, and it is here urged that this judgment is irregular or void for two reasons. First, the judgment entry contains no recital that proof was made that the claim had been presented in the manner prescribed by the statute, and disallowed.    ·This contention is based upon section 13 of the Code.    This section requires a presentation of the claim and its disallowance before suit is brought, and it is necessary that the complaint allege such presentation and disallowance, for the obvious reason that the county is not in default until this has been done.—*Shinbone v. Randolph,* 56 Ala. 183; *Schroeder v. Colbert Co.,* 66 Ala. 137.·    Where, however, it is alleged, if the defendant appear and by its pleadings, put in issue this allegation, the plaintiff would be required to prove it.    But if the defendant should confess the allegation by its pleadings, no proof of it would be necessary on the part of plaintiff.    A failure to appear on the part of the defendant is an admission of the plaintiff's

cause of action as laid in the declaration.—*McGehee v. Childress,* 2 Stew. 506; *Cater v. Hunter,* 3 Ala. 30; *Drake v. Johnston,* 50 Ala. 1.

"A judgment by default is, in our practice, a judgment for the want of an appearance. It is distinguished from other judgments by the recital, 'the defendant being called, came not but made default.' An appearance in a civil suit at law is purely voluntary. No process can issue to compel it, nor can the plaintiff, in any event, enter it for the defendant. A defendant may decline to make it, incurring no other consequence than an admission of the plaintiff's cause of action, as averred in the complaint, and a judgment against him on such admission."—*Grigg v. Gilmer,* 54 Ala. 425.

The defendant's failure to appear in this case, authorized the rendition of the judgment by default against it, which, we have shown, admitted the allegation of the complaint as to presentation of plaintiff's claim and its disallowance. There was, therefore, no necessity of making proof of its presentation, and, of course, no necessity of any recital in the judgment entry relative thereto.

The cases requiring independent proof of the official character of the agent upon whom service is had, which must be shown by the record to sustain a judgment by default where the suit is against a corporation, have no application to this case. This requirement is exacted upon the principle that the official duties of the sheriff or other officer serving the process do not require him to certify in his return the official character of the agent of the corporation, and his return proves only that service was made on a particular individual, not that such individual was president, secretary, cashier, etc.—Code, § 3274; *P. & M. Bank v. Walker,* Minor, 391; *Oxford Iron Co. v. Spradley,* 42 Ala. 24; *Talladega Ins. Co. v. Woodward,* 44 Ala. 287; *Manhattan Fire Ins. Co. v. Fowler,* 76 Ala. 372.

This brings us to a consideration of the second reason assigned assailing the judgment as erroneous. Section 1417 of the Code provides that "No claim against the county shall be passed upon or allowed by the court of county commissioners, unless it is itemized and sworn

[Washington County v. Porter.]

to by the claimant, or some person in his behalf having personal knowledge of the facts," etc. The allegation in the first count of the complaint is that the claim sued on was "itemized and verified as required by law." At the conclusion of the complaint, which is preceded by two counts, one on an account stated and the other for work and labor done by plaintiff for the defendant at its request, the following language is used: "Which said claims and accounts were duly itemized and verified," etc. The point taken is that the statute employs the words "sworn to," while the complaint uses the words *verified as required by law*, or duly verified. The argument is, a claim may be verified without being sworn to. This may be conceded. But a claim may be verified by swearing to it. And as the statute points out the mode of verification by requiring the claim to be *sworn to* by the claimant or some person in his behalf having personal knowledge of the facts, the averment that it was verified as required by law, or duly verified, is the equivalent of an allegation that it was sworn to as required by the statute.—*Schroeder v. Colbert County, supra.*

After the judgment by default, although it was necessary to execute a writ of inquiry, the defendant had not the legal right to plead to the merits of the action.—*Ewing v. Peck*, 17 Ala. 339. On the execution of the writ of inquiry, the only question involved was the amount of damages the plaintiff was entitled to recover.—*Curry v. Wilson*, 48 Ala. 638.

It is true the record in this case contains a plea which purports to have been filed on the day the judgment by default was rendered. But it appears affirmatively from the recitals in the judgment entry, in the motion made by the defendant to set aside the judgment by default, and in the bill of exceptions, that this plea had not been filed before the judgment by default was rendered, and that there had been no appearance by the defendant. Having no legal right to file this plea after the rendition of the judgment by default, he can take nothing under it. The court having refused the motion to

set aside the judgment, on the execution of the writ of inquiry, the question involved was the amount of damages the plaintiff was entitled to recover.—*Curry v. Wilson, supra.* There was, therefore, no error in refusing the affirmative charge requested by defendant. This charge was asked upon the theory that no proof was offered by plaintiff on the execution of the writ of inquiry of a presentation of his claim to the commissioners court. All inquiry involving the existence of that fact, as we have shown, was concluded by the judgment by default.

Affirmed.