[Hall v. Nix.]

# Hall *v.* Nix.

### *Trover.*

(Decided June 30, 1908.  47 South. 335.)

1. *Appeal and Error; Default Judgment; Discretion of Lower Court.*—Where the proof made on the motion to enter default judgment for failure to answer interrogatories filed under the authority of section 1850, Code 1896, covered every fact necessary to give the court jurisdiction, the default judgment so entered cannot be successfully assailed on appeal, as the rendition of such judgment was within the discretion of the trial court.

2. *Same; Scope of Review.*—Where default judgment is properly entered thus establishing the right of recovery, and it is necessary to execute a writ of inquiry to ascertain damages, the only question presented for review is that relating to the damages.

·3. *Payment; Several Accounts; Appropriation.*—Where a debtor owes a creditor several accounts and makes a payment without directing to which account it shall be credited, the creditor may apply it to either account he desires.

4. *Sales; Conditional Sales; Conversion; Measure of Damages.*— The measure of damages for the conversion of property sold under contract retaining title in the seller until the purchase price is paid is the amount due on the purchase price with interest, unless that amount exceeds the value of the property at the time of the conversion, in which event the measure of damages is the value of the property converted with interest to the trial.

5. *Same; Evidence; Sufficiency.*—While it may be assumed from evidence that the property was sold at the value of $225, and the jury would be authorized to infer from that evidence that the property was worth $124 at the time of the conversion, yet it cannot be affirmed as a matter of law by the court that such should be the effect given such evidence by the jury.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Trover by Ed. Nix against F. Y. Hall.  Judgment for plaintiff, and defendant appeals.  Reversed and remanded.

The facts are sufficiently stated in the opinion of the court.  The court refused a charge to defendant that, if the jury believe the evidence, they cannot find judgment against defendant for more than $40.90, for in-

terest and damages. He gave a charge for plaintiff to find for the plaintiff, if they believe the evidence, for $124.90 and interest.

W. A. JORDAN, for appellant.—A debtor may direct how all payments shall be made and he may show his intentions in this respect by his conduct or it may be inferred from the circumstances.—*Turrentine v. Gregory,* 118 Ala. 380; *Spies v. Price,* 91 Ala. 116; 17 Wheat. 13. The court invaded the province of the jury in the charge given.

ESPY & FARMER, for appellee. It was within the court's discretion to direct a default judgment and it cannot be reviewed.—*Spann v. Torbert,* 130 Ala. 521; *Ala. S. & W. Co. v. Wrenn,* 136 Ala. 475; *Wimberly v. Wyndham,* 104 Ala. 409. Nothing having been said by the debtor as to which account the payment should be applied, the creditor could appropriate it to which ever account he saw fit.—*McCurdy v. Middleton,* 82 Ala. 131. The court correctly charged the jury as to the amount of damages.

DENSON, J.—Plaintiff filed interrogatories to the defendant (who is a resident of the state), in conformity with the statute (Code 1896, § 1850). On May 4, 1907, on motion of the plaintiff, a judgment by default was entered by the court against the defendant for failure to answer the interrogatories. The proof made on the motion is recited in the judgment entry, and covers every fact necessary to be shown under the statute to give the court jurisdiction to render the judgment. The proof being sufficient, and the rendition of the judgment being a matter within the discretion of the court, the action by the court in rendering the judgment cannot be successfully assailed here.

[Hall v. Nix.]

After the judgment by default was entered, the court properly ordered the execution of a writ of inquiry to ascertain the plaintiff's damagees. The plaintiff's right of recovery being established by the judgment, the only questions presented by the bill of exceptions, proper to be considered by us, are those relating to damages.— *Curry v. Wilson,* 48 Ala. 638; *Washington County v. Porter,* 128 Ala. 278, 282, 29 South. 185.

The case is trover for the conversion of two diamond rings, which, as the proof showed, were sold by the plaintiff to the defendant, in November, 1905, "at the value of $225." The contract of sale is in writing, and is set out in the bill of exceptions. The amount agreed to be paid for the rings was to be paid in monthly installments, and the title was reserved in the plaintiff until the entire purchase price should be paid. It is shown without conflict in the evidence that the defendant purchased other items of goods from plaintiff on account; that these items, together with the price agreed to be paid for the rings, amounted to $309; that defendant had plaid plaintiff various sums at different times, but without giving any instructions as to the application of the payments; that plaintiff applied the payments to the account until the same was fully paid, and then credited the balance over ($104.60) on the debt for the rings; that, after giving the credit as stated, there remained due on the rings $124.90, besides interest. The defendant not having directed the application of the sums paid, it was the right of the plaintiff to make the application as he did.—*McCurdy v. Middleton,* 82 Ala. 131, 2 South. 721.

Ordinarily the measure of damages in trover is the value of the property at the time of the conversion, with interest to the time of the trial. It may be conceded in this case, that the measure of damages is the amount due

[Hall v. Nix.]

on the purchase price agreed to be paid for the rings and interest, unless that amount exceeds the value of the property at the date of the conversion, in which event the amount of the damages would be the value of the property at that date, with interest to the time of the trial. The only evidence in respect to the value of the rings, found in the record, is that which shows that they were sold by the plaintiff to the defendant "at the value of $225," in November, 1905. Assuming that this is evidence from which the jury might infer that the rings were of value at the date of the conversion even to the extent of $124.90, yet we think it should not have been affirmed by the court as matter of law (as was done in effect by the written charge given for plaintiff) that such should be the effect of the evidence. For the reason assigned, it must be held that the court erred in giving the instruction requested by the plaintiff.—*A. G. S. R. R. Co. v. Moore,* 109 Ala. 393, 19 South. 804; *L. & N. R. R. Co. v. Lischkoff,* 109 Ala. 136, 19 South. 436; *Adams v. Thornton,* 82 Ala. 263, 3 South. 20.

There was no error in the refusal of the court to give the charge requested by the defendant. On another trial the date of the conversion should be more definitely fixed and the value of the property at that date should be shown.

For the error pointed out, the judgment assessing the damages is reversed, and the cause is remanded for the execution of a writ of inquiry to ascertain and assess the plaintiff's damages.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.