### PUGH BROTHERS CO. *vs.* PAUL MARANO.

#### JUNE 28, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Trover and Conversion. Damages.*

In trover upon proof of conversion, of a chattel, if no evidence is presented as to its value at the time of.conversion, the plaintiff is entitled to a verdict for nominal damages.

*(2) Trover and Conversion. Conditional Sale.*

Where under a conditional sale'lease a series of notes was given to vendor by vendee, which were not paid and vendor accepted a second series of notes in substitution for the first series, as it clearly appeared that they were taken in renewal of the first series and not as payment, it did not have the effect of passing the title to the vendee.

*(3) Conditional Sale. Damages.*

Where the purchaser in a conditional sale converts the chattel the seller may recover in trover damages equal to the unpaid balance of the purchase price if the value of the chattel at the time of conversion equals or exceeds such balance, but if such value is less than the balance due the measure of damages is the value of the chattel, and plaintiff must show not only the balance due but also the value of the chattel at conversion in order that the jury may have sufficient data for the assessment of damages.

TROVER. Heard on exceptions of defendant and sustained.

SWEETLAND, C. J.   This is an action of trover brought by John E. Pugh, doing business as Pugh Brothers Company, to recover the value of an automobile alleged to have been converted by the defendant.

The case was tried before a justice of the Superior Court sitting with a jury.   At the conclusion of the evidence on motion of the plaintiff said justice directed a verdict for the plaintiff for $145.55.   The case is before us upon the defendant's exception to the action of said justice in directing a verdict for the plaintiff and also upon his exception to the refusal of said justice to direct a verdict for the defendant.

It appears that the plaintiff is a dealer in automobiles; that the automobile for the alleged conversion of which this action is brought was a second-hand machine on July 11, 1919, when it was delivered by the plaintiff to the defendant subject to the terms of a written contract for its conditional sale to the defendant; that in accordance with the terms of said written contract the defendant delivered to the plaintiff a series of promissory notes in payment for said automobile and in said contract it was agreed that "title to the car shall remain in Pugh Brothers Company until fully paid for including payment of any and all notes given on account thereof;" that when said promissory notes became due they were not paid by the defendant and the defendant then gave to the plaintiff, and the plaintiff accepted, a second series of notes in substitution for the series first given; that when the notes of the second series became due they were not paid and the plaintiff then took from the defendant a third series of notes in substitution for the second series; that the notes in the third series were not paid when due and the defendant then admitted to the attorney of the plaintiff that he had sold the automobile.   This act on the defendant's part was contrary to the terms of the written agreement and constituted a conversion of the automobile. At the trial the plaintiff offered evidence of the conversion, and for proof of his damages the plaintiff relied solely upon evidence showing the amount of the defendant's unpaid

notes.    The defendant offered no evidence and on motion the justice directed a verdict for the plaintiff for the amount due upon said notes.

The defendant's motion for direction of a verdict was properly overruled.    In support of the motion, and of the exception before us, the defendant urged that as the plaintiff had produced no evidence as to the value of the automobile at the time of the conversion the defendant should have a verdict in his favor.    The defendant did not attempt to contradict the evidence that he had sold the automobile in violation of the terms of the contract and was guilty of conversion.    In trover, upon proof of conversion of a chattel, if no evidence is presented as to its value at the time of the conversion, the plaintiff is entitled to a verdict for nominal damages.    The defendant further contended that the verdict should have been directed in his favor because the taking by the plaintiff of the second series of notes in law amounted to a payment of the first series and worked a conveyance of the title to the automobile from the plaintiff to him.    This contention is not sound.    The second series was clearly taken in renewal of the first and not as payment. It was not the intention of the parties that by this transaction the conditional sale should be converted into an absolute one, transferring the title from the seller to the purchaser, and it did not have that effect in law.

We are of the opinion that the defendant's exception to the ruling of the justice directing a verdict for the plaintiff should be sustained.    In *Woods* v. *Nichols*, 21 R. I. 537, and in the same case 22 R. I. 225, the court stated the proper measure of damages in a case of this kind, adopting the generally recognized rule.    If the purchaser in a conditional sale converts the chattel sold, the seller may recover in trover damages equal to the unpaid balance of the purchase price if the value of the chattel at the time of the conversion equals or exceeds such balance.    If at the time of conversion the value of the chattel is less than such balance the measure of damage is the value of the chattel.    In *Woods* v. *Nichols*, 22

R. I. 225, the court explicitly stated that it "did not hold that the contract price was the value of the property but only that the plaintiff's interest in it could not exceed that amount." It is equally the law that, without further proof, the unpaid balance of the contract price cannot be taken as the value of the plaintiff's interest in the chattel. It follows that in this class of cases it is necessary for the plaintiff to show not only the balance due upon the contract but also the value of the chattel at the time of conversion in order that the jury may have sufficient data for the assessment of damages in the case, in accordance with the rule which this court has laid down regarding their proper measure. It was error for the Superior Court in the absence of all evidence tending to show the value of the automobile at the time of the conversion to direct the jury to find for the plaintiff for the amount due on the notes. *Hall* v. *Nix,* 156 Ala. 423; *Moultrie* v. *Hill,* 120 Ga. 730, at 733.

The defendant's exception to the ruling of the Superior Court directing a verdict for the plaintiff is sustained. His other exception is overruled. The case is remitted to the Superior Court for a new trial.

*John H. McGough, Cooney & Cooney,* for plaintiff.

*Pettine & DePasquale,* for defendant.