THOMPSON, Judge.
In March 1997, Wilburn Edward Isbell filed an action seeking workers’ compensation benefits from Harold Douglas Eades; J.P. Development and Land Company, Inc.; and Peter Jerome Tortorigi. In that action, Isbell also alleged negligence and wantonness on the part of those defendants. In August 1997, Isbell amended his complaint to include Mark Elsberry as a defendant.
Eades filed a suggestion of bankruptcy in the trial court. J.P. Development and Tortorigi answered and denied liability, Elsberry did not answer Isbell’s complaint.
In February 1999, Isbell filed requests seeking discovery from the defendants. In April 1999, Isbell filed a motion seeking to compel Elsberry to answer his discovery requests. After conducting a hearing, the trial court, on July 1, 1999, entered an order stating: “The motion to compel filed April 27, 1999, is GRANTED and Defendant Mark Elsberry is ordered to respond completely within 14 days. Failure to re *804 spond may result in a default judgment being entered against Defendant Elsber-ry.” The record contains no response by Elsberry to Isbell’s discovery requests.
On August 16, 1999, Isbell moved for a default judgment against Elsberry. On October 19, 1999, the trial court granted Isbell’s motion and entered a default judgment in favor of Isbell against Elsberry for Elsberry’s failure to comply with the court’s July 1,1999, order. In the October 19, 1999, order, the trial court had scheduled a hearing on the issue of damages. The propriety of the default judgment is not before this court; therefore, we are prevented from reaching that issue.
On November 5, 1999, the trial court entered an order refusing to award damages on the default judgment because, the court stated, “[Isbell was] unable to show that Elsberry owed [Isbell] any duty.” The record does not contain a transcript of the hearing on the issue of damages.
Isbell filed a motion entitled “motion to reconsider” and later, the trial court not having ruled on that motion, Isbell appealed. This court, on May 30, 2000, without an opinion, dismissed that appeal as from a nonfinal judgment. Isbell v. Elsberry, (No. 2990729), 795 So.2d 858 (Ala.Civ.App. 2000) (table). After this court had issued its certificate of judgment, the trial court, on Isbell’s motion, certified its judgment as final. Isbell has again appealed.
Isbell argues that the trial court erred in refusing to award him damages after entering a default judgment against Els-berry. We agree. “ ‘After the judgment by default was entered, ... [t]he plaintiffs right of recovery [was] established by [that] judgment, [and] the only questions ... proper to be considered by [the Court], are those relating to damages.’ ” Oliver v. Towns, 738 So.2d 798 (Ala.1999) (quoting Hall v. Nix, 156 Ala. 423, 425, 47 So. 335, 335 (1908)).
On October 19, 1999, the trial court entered a default judgment against Elsberry; that judgment established Elsberry’s liability. Elsberry did not file a motion to set aside that default judgment, and the trial court did not, ex mero motu, set aside that default judgment. Therefore, under the unique facts of this case, the only issue that remained to be determined was the amount of damages due to Isbell. The trial court erred in considering an issue other than the issue related to damages. Therefore, we reverse and remand for the trial court to reconsider the issue of damages.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ., concur.