RUFUS KENDRICK *v.* DANIEL TARBELL, JR.

*Construction of auditor's report.  Evidence.  Partnership.*

The statement in an auditor's report, that it was *understood*, held to signify that it was unquestioned and conceded by the parties.

The admission of testimony, for the purpose of proving facts altogether unimportant, which could not have prejudiced the objecting party, and which was admissible for another purpose, is not a sufficient ground for setting aside an auditor's report.

A note signed by each of the members of a firm, individually, the consideration of which went into their company business, and given instead of one signed with the partnership name, because the payee so preferred, *held* to be a partnership note.

Where one of three partners purchases the entire interest, and holds and represents the share of one of the others, he becomes, both in equity and at law, under our statute, (Laws of 1852, p. 8,) directly liable to whatever partnership claim the remaining partner has against the retiring one.

ACCOUNT.  The plaintiff claimed to recover of the defendant, $841.15, being two-thirds of the sum of $1261.72, paid to Solomon Downer, as the balance due him on a note, signed by the plaintiff, the defendant, and one Edward H. Spaulding, who was joined as a defendant, in the plaintiff's writ; and in reference to this claim, the auditor reported the following facts.

The parties named in the declaration, were partners, from March 17th, 1849, to November 10th, 1849, under the firm of D. Tarbell & Co.  No service of the process was made upon the said Spaulding, he being out of the jurisdiction of the court, and it was

understood that his interest in the partnership matters had been assigned to the defendant, who represented two-thirds of the concern, and the plaintiff represented the other third.

The payment made to Solomon Downer, two-thirds of which the plaintiff claimed of the defendant, was to take up a note for $1500, given on the 2d day of June, 1849, to said Downer, and signed by Rufus Kendrick, Daniel Tarbell, jr., and Edward H. Spaulding. The note was given for money, which was shown to have gone into the concern of D. Tarbell & Co., and used in their business; and it was not shown that that concern was insolvent.

The controversy between the parties, in relation to the note, was, whether it was given by the plaintiff, as principal, and the said Tarbell and Spaulding, as sureties, (as between themselves,) or whether it was given for the joint debt of all the signers, and was, as between themselves, a partnership concern.

The plaintiff proved that, after the signers had negotiated with Downer, for the loan of the said fifteen hundred dollars, a note for that sum, signed " D. Tarbell & Co.," was taken, by Tarbell, to Downer, who refused to take the note so signed, by the name of the firm, but required a note signed with the individual names of the partners, and such a note was substituted for the first. The note so signed, by the individuals, is the note on which the plaintiff paid, on the 25th day of May, 1853, $1261.72,—and this appeared by the endorsement on the note, as well as by the testimony in the case.

The plaintiff offered, in evidence, a bond of submission between the parties, and an award of arbitrators, to show that he had made a previous payment, of $567.10, on said note, two-thirds of which was awarded to him against the defendant. He also offered an award, to show that matters of account, arising and subsisting between the parties, relating to said partnership, prior to said award, had been adjusted by said award. To the admission of said bond and awards, the defendant objected. The objection was overruled, and they were received in evidence.

The auditor found that said note of $1500, to Solomon Downer, was the note of the partnership, and that the plaintiff had a right to recover, of the defendant, two-thirds of the amount paid by him, on said note.

34

The county court, May Term, 1854,—COLLAMER, J., pre-sidding,—accepted the report, and rendered judgment thereon for the plaintiff. Exceptions by the defendant.

*J. S. Marcy* for the defendant.

*A. P. Hunton* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J.  I.  It is said the report does not find that, Tarbell acquired Spaulding's interest in the partnership, but only that it was so understood. By this, we understand the auditor to signify that, no question was made upon that point, but that both parties conceded it.

II.  It is said the note was not a partnership transaction. We understand the auditor to find that, it was a partnership debt. It seems to us, no question whatever can be made upon this point, upon the finding of the report.

III.  It is urged that the bond and awards were improperly ad-mitted. The auditor reports that, these were offered, to show that the plaintiff had made a previous payment, upon this note, which had been allowed him, and, also, that previous accounts between the parties had been adjusted in the arbitration. This object, merely, does not seem to us to be of any importance in this action, and we are not to suppose the auditor allowed them to operate for any other purpose. But, if they had been offered to show that the balance of this note was left unadjusted, by the arbitrators, it would have been entirely competent evidence, for that purpose. And it does not seem that they could have had any influence in obtaining an allowance of this part of the note, on the ground that another portion of it, and other accounts, similarly situated, had been allowed, by the arbitrators, as those questions seem, by the auditor, to have been referred to the court.

1.  So that upon the face of the report, the testimony seems to have been offered and received, to prove facts altogether unimpor-tant, but which could not have prejudiced the defendant, and as we cannot, legally, suppose they were used for any other purpose, we ought not to set aside the report.

2. There was a legal use, which would have made the papers admissible, but this fact does not seem very essential to be established, on the part of the plaintiff, viz., to show that this claim was left unadjusted by the arbitrators.

IV. The question of the right of the plaintiff to recover two-thirds of the defendant, seems the important inquiry in the case. At common law, aside from our late statute, this action must have been brought in chancery, to settle a partnership account, where there were more than two interests. But the statute of 1852, p. 8, § 2, in express terms, gives the county court the same powers, in settling matters of account, between partners, as courts of chancery have. And we entertain no doubt that a court of equity would, in a case like the present, sustain a bill, without joining Spaulding, and decree the defendant to pay two-thirds of any balance due the plaintiff. And if Spaulding had been joined, and the fact of Tarbell owning his interest had been shown in the case, the court of equity would, if the plaintiff so elected, give him his whole decree against the defendant; and, in case of Spaulding's insolvency, without any assignment, divide his share of obligation between the the solvent partners.

Judgment affirmed.