### JAS. R. STEVENS, surv., etc., *v.* HENRY BROWN.

1. JURISDICTION OF STATE COURTS IN BANKRUPT PROCEEDINGS.—It has been
finally settled, that although the States may pass insolvent or *quasi* bankrupt laws,
which may operate upon future contracts, between the citizens of the State that
enacts them, yet when congress exerts its jurisdiction to the extent of its legisla-
tion, it is supreme, and would displace conflicting State laws. So long as congress
is silent, the States may exercise their authority. Ogden v. Saunders, 12 Wheat.
273, *et seq.;* Farmers and Mech. Bank v. Smith, 6 Wheat., 131 ; Baldwin v. Hale, 1
Wallace, 229.

2. BANKRUPT LAW—SECTION 29.—This section mentions several things which, if
done or omitted by the debtor, shall be cause for withholding the discharge, or, if
already granted, making it invalid.

3. SAME—SECTION 34. —This section, after reciting that a discharge, duly granted,
with certain exceptions, shall release the debtor from all debts  *  *  " which were
or might have been proven against his estate," and that the certificate shall be con-
clusive evidence in favor of the bankrupt of the fact and regularity of such dis-
charge, contains the saving clause that a creditor may contest it for fraudulent
acts, in the district court, within two years after it was granted.

4 STATUTORY REMEDY —Where a statutory right is conferred, with a special
remedy, that remedy must be pursued, and it will be taken to exclude all others.
Therefore a State court has no jurisdiction to vacate a discharge for fraud in ob-
taining it.

5. EFFECT OF THE DISCHARGE.—The discharge is the judgment of the court, and stands upon the footing of other judgments. Opportunity is afforded to contest it. If not availed of in the mode, within the time, and in the court allowed, all remedy to annul it is cut off.

6. IN WHAT CASES STATE COURT HAS JURISDICTION.—The State court has jurisdiction over all subjects arising out of the question, whether the debt in litigation is or not embraced in the class or classes of liabilities, from which the debtor is not absolved, and upon which his discharge has no effect.

Error to the circuit court of Rankin county.   Hon. URIAH MILLSAPS, Judge.

The opinion of the court contains a sufficient statement of the case.

*Harris & George*, for plaintiff in error:

Contended that when a plea of bankruptcy is interposed in the courts of this State, the plaintiff may properly reply that the certificate of bankruptcy was obtained through fraud; and the court has the jurisdiction to decide upon a demurrer to the replication, whether such discharge was illegally obtained or not. Perkins v. Gay, 3 Am. Law Times, 192; Plummer v. Plummer, 37 Miss., 185.

*Frank Johnston*, for defendant in error:

Insisted that the State courts have no power to annul or vacate a discharge in bankruptcy made by the Federal court under the act of 1867, upon the ground that the bankrupt committed some act in the progress of the bankrupt proceedings prohibited by section 29 of the bankrupt act of 1867, citing Sturges v. Crownishild, 4 Wheat., 122; Commercial Bank of Manchester v. Buckner, 20 How., 108; Humphrey v. Sweet, 31 Maine, 194; Chadwick v. Slarret, 27 ib., 138; Corey v. Ripley, 57 Me., 69; Symonds v. Barnes, 59 ib., 192; Bump., on Bankruptcy, 4th ed., 257, 258; Batchelor v. Low, 43 Vt., 664.

SIMRALL, J., delivered the opinion of the court:

The only question presented in this record is, whether a plea of discharge in bankruptcy, under the act of Congress

of 1867, may be obviated and avoided by a replication that the defendant had fraudulently concealed and withheld from his schedule of assets certain property.

The suit was brought 27th September, 1871; the certificate of discharge set out in the plea, was dated and granted the 20th of May, A. D. 1869. More than two years had elapsed from the date of the certificate to the date of the institution of the suit.

The proviso to the 34th section of the bankrupt law allows "any creditor whose debt was proved or provable" to contest the validity of the discharge, on the ground that "it was fraudulently obtained" by proceedings instituted (within two years after the date thereof) in the court, which granted it "to set aside and annul the same." If the creditor shall establish "the fraudulent acts, or any one of them," and that "he had no knowledge of them, until after granting the discharge," the court "shall annul and set it aside." The section specifically points out the order of procedure.

The 29th section contains an enumeration of sundry things, which shall be cause of refusing a "discharge," or, if granted, making it "invalid." The second is, "if the bankrupt has concealed any part of his estate or effects. * * · * " This is the vitiating matter set up in the replication as invalidating the discharge. Is there jurisdiction in the State court to entertain that question? It has been finally settled that, although the States may pass insolvent or *quasi* bankrupt laws, which may operate upon future contracts between the citizens of the State that enacts them; yet, when Congress exerts its jurisdiction, to the extent of its legislation, it is supreme, and would displace conflicting State laws. So long as Congress is silent, the States may exercise their authority. Ogden v. Saunders, 12 Wheat., 273, *et seq.;* Farmers and Mech. Bank v. Smith, 6 Wheat., 131; Baldwin v. Hale, 1 Wall., 229.

In the act of 1867, and its amendments, Congress has "established uniform laws on the subject of bankruptcy throughout the United States." Its power over the subject

is full and plenary. This view must be kept in mind in considering the jurisdiction of a State court to adjudicate concerning anything done in the course of the bankrupt proceedings. It was certainly within the competency of Congress to declare the conditions upon which the insolvent debtor should be discharged, and also what should be the effect of the discharge; whether it should reach to all debts, or whether any should be excepted, and what class; and also whether the discharge should be final and conclusive absolutely; or whether it might be impeached, and if so, for what reasons, and in what court. The observations of Lord Holt, in Ervin v. Jones, 2 Salk., 415, that whenever a statute gives a right, the party shall, by consequence, have an action, is undoubtedly correct, where the statute does not give a remedy. But where the statute regulates the whole subject, defining the rights and remedies in particular circumstances, and appoints the tribunal in which controversies arising out of the subject-matter shall be litigated and settled, then it would seem that all other remedies and forums are excluded. Dudley v. Mayhew, 3 N. .Y., 14, 15. The 29th section of the bankrupt law mentions several things which, if done or omitted by the debtor, shall be cause for withholding the discharge, or, if already granted, making it invalid. The 34th section, after reciting that a discharge, duly granted, with certain exceptions, shall release the debtor from all debts which were or might have been proved against his estate," and that the certificate shall be conclusive evidence in favor of the bankrupt of the fact, and the regularity of such discharge," contains the saving clause: provided, that a creditor may contest it for fraudulent acts, in the district court, within two years after it was granted. The general declaration is, that the certificate is conclusive, but subject to be controverted by a special proceeding. The statute defines and prescribes the entire process. In effect, Congress says to the debtor that " if you will conform to the terms prescribed, you shall be discharged from all your debts and liabilities; but if your

conduct has been marked with fraud and unfairness to your creditors in certain particulars, your discharge shall not be absolutely conclusive; but any creditor who did not know of the fraudulent act or acts at the date of your discharge, may institute a proceeding to vacate and annul the same, provided he brings his suit for that object, in the district court within the two years. Where a statutory right is conferred, with a special remedy, that remedy must be pursued, as it will be taken to exclude all others. The 34th section not only gives the remedy, but it operates as a statute of limitations. If the discharge be not contested within two years after its date, the right to call it in question at all is gone. The law makes the discharge (certain liabilities excluded) conclusive in favor of the bankrupt, subject to a right in creditors to impugn it for fraud, within the time limited. If the discharge may be assailed in the State court, by a replication of fraudulent conduct, it may be done whenever the exigency arises, three, four, or six years after its date. That manifestly contravenes the policy of the law. Congress meant to extend to creditors a reasonable time to controvert the discharge. If it should, within the time, be successfully impeached, then it should be vacated and set aside, and be altogether operative to shield the debtor from his liabilities. This remedy was given to cure the mischief or imperfection which experience had demonstrated in former laws, especially those of 1841. That statute made the discharge full and complete evidence in favor of such bankrupt * * in all courts of justice, unless the same shall be impeached," * * etc., but did not provide a mode of directly testing its validity. For certain causes, if established, it should be invalid. It was held under that statute that whenever the discharge was set up against a creditor, he might avoid the effect by averment and proof of the invalidating matter. . But if that issue was found for the plaintiff, it only allowed a recovery by that creditor, leaving the controversy to be renewed as often as the bankrupt might plead his discharge. For remedy, the statute of 1867

introduces a proceeding by which, if the complaint against the debtor is proved, the discharge is recalled and vacated, and gives him no protection whatever against any of his creditors.

If the theory of law implied in the replication be correct, then the discharge might be impeached in the State court, after the expiration of two years from its date, notwithstanding, the 34th section of the bankrupt law makes it conclusive, unless set aside within that time ; and, notwithstanding, creditors may have availed of the remedy therein given in the district court, and failed to prove the fraud.

The discharge is the judgment of the court, and stands upon the footing of other judgments.   Opportunity is afforded to contest it.   If not availed of in the mode, and within the time allowed, all remedy to annul it is cut off.

The plaintiff was barred of the privilege to call it in question, at the time he brought his suit in the circuit court. Congress has manifested a clear intention, that after a reasonable time for contesting has expired, creditors shall be shut off, from averring against the discharge any of the matters set forth in the 29th section.

The State court has jurisdiction over all subjects arising out of the question whether the debt in litigation is, or not, embraced in the class, or classes, of liabilities from which the debtor is not absolved, and upon which his discharge has no effect.   If it be replied to the plea of discharge that the particular debt, belongs to a class excepted out of the operation of the discharge, the State court may entertain that inquiry, and adjudicate it.   Necessarily that jurisdiction ought to, and does pertain to the tribunal, State or national, where it is raised.

The authorities are not uniform on this subject.   The views which we have expressed, are supported in the main by the cases of Ocean National Bank v. Alcott, 46 N. Y., 15, and Corey v. Ripley, 57 Maine, 72.

We are of the opinion that the demurrer to the replication was properly sustained.   Judgment is affirmed.