W. S. BROWN and wife v. T. S. COOPER, Adm'r.

*Pleading—Answer—Witness—Counterclaim.*

1. An answer denying "the truth of the averments contained in the first, second, third, fourth, fifth and sixth paragraphs of the complaint" (being the number contained in the complaint), is a specific denial of each allegation, and a sufficient compliance with THE CODE, §243.

2. The plaintiff is not a competent witness in an action upon a bond executed prior to August 1st, 1868, except where the defendant relies upon the

BROWN v. COOPER.

plea of payment in fact or upon a counterclaim, and introduces himself as a witness to establish the truth of such plea. Act of 1883, ch. 310, construed by ASHE, J.

3. This construction embraces a counterclaim, which is in the nature of a cross-action, when the plaintiff relies upon payment in fact.

(*Flack* v. *Dawson*, 69 N. C., 42, cited and approved).

CIVIL ACTION tried at Fall Term, 1883, of MECKLENBURG Superior Court, before *Gilmer, J.*

This action was brought in the superior court of Mecklenburg county against the defendant upon a lost bond, and after a complaint and answer had been duly filed, the parties obtained leave to amend their pleadings.

The plaintiff alleged in the amended complaint, in separate paragraphs, substantially, as follows:

1. That about the month of May, 1857, the defendant's intestate and one Clanton executed their note under seal to Eliza Cathey for the sum of $230, due one day after date.

2. That no part of the note had ever been paid.

3. That in the year 1864 the *feme* plaintiff purchased the said note from Eliza Cathey.

4. That in the month of April, 1865, the note was destroyed by fire which consumed the dwelling-house of the plaintiff.

5. That plaintiff has demanded payment of the note, with the proposition to give adequate indemnity, but without effect.

6. That a judgment had been obtained against Clanton on the note, but the sheriff has returned the execution thereon unsatisfied.

The defendant answering the complaint said:

That he denied the truth of the averments contained in the first, second, third, fourth, fifth and sixth paragraphs of the complaint, and insisted that the plaintiff be held to strict proof thereof, and for a further defence relied upon the statute of limitations.

Before the jury were impaneled, the plaintiff's counsel moved to strike out all of the answer except the part setting up

the statute of limitations, insisting that the other answer and denials were not sufficient under THE CODE. The motion was refused and the plaintiff excepted.

On the trial, the *feme* plaintiff offered herself as a witness in her own behalf, and objection was made by the counsel of defendant to her competency under the act of 1883, ch. 310. The objection was sustained by the court, and in deference to the ruling the plaintiff submitted to a nonsuit and appealed.

These constituted the only exceptions, which, as it appears from the record, were taken by the plaintiff.

*Mr. Clement Dowd*, for plaintiff.
*Messrs. Wilson & Son*, for defendant.

ASHE, J. There is no force in the first exception. The answer of the defendant must contain a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. THE CODE, §243 (1).

It has been repeatedly held by this court that a general denial, that "no allegation of the complaint is true," is not a sufficient answer under this section of THE CODE, because such a plea may put in one issue several matters of fact, some of which are triable by the court, and others by the jury. *Flack* v. *Dawson*, 69 N. C., 42.

But the answer in this case is not obnoxious to this objection. It is a sufficient compliance with the requirements of the section. It is a specific denial of each allegation of the complaint contained in the paragraphs, numbering from one to six inclusive, as much so, as if each denial had been set forth in separate and distinct paragraphs.

The other exception is quite as untenable as the first. The action was upon a bond given prior to the 1st day of August, 1868, and the defendant, besides the statute of limitations and other defences, relied upon the plea of payment in fact, but did

not introduce himself as a witness to establish the truth of such plea. But the plaintiff offered herself as a witness in her own behalf.

We are of opinion that under the facts of this case, upon a proper construction of the act of 1883, ch. 310, she was an incompetent witness. The first section of the act provides that no person, who shall be a party to an action founded on a bond executed prior to the 1st day of August, 1868, shall be a competent witness on the trial of such action. The second section, which is in effect a "proviso" to the first, declares that this act shall not apply to the trial of any action, in which the defendant relies upon the plea of payment in fact, or pleads a counterclaim and also introduces himself as a witness to establish the truth of such plea or pleas.

Our interpretation of the act is, that whenever a defendant pleads payment in fact or a counterclaim in an action upon a judgment or bond of date before the 1st day of August, 1868, and does not offer himself as a witness to establish the truth of his plea or pleas, as the case may be, no person who is a party to the action, or assignor, or indorser, or any person who had at the time of the trial, or ever had an interest in the judgment or bond sued on, can be examined as a witness in behalf of the plaintiff; but when the defendant, setting up such plea or pleas, does offer himself as a witness in support of either of such defences, all such persons are competent, unless excluded by some other rule of evidence.

And we are further of the opinion that the spirit and equity of the act extend to counterclaims, which are virtually cross-actions, where the plaintiff relies upon the defence of payment in fact.

There is no error. The judgment of the superior court is affirmed.

No error. Affirmed.