W. D. E. CLANTON v. THOMAS B. PRICE, Adm'r.

*Partnership—Arbitration and Award— Witness—Statute of Limitations—Executors and Administrators.*

1. Partnership matters and others not connected with the joint business, and unsettled during the life-time of one of the partners, were referred by his administrator and the surviving partner to arbitrators for settlement, whose award, among other things, was, that the partnership assets belong to J, the deceased partner, who is liable for the firm debts; and after allowing all credits he owes to W, the other partner, a certain sum, which was paid; *Held,* in an action by plaintiff W (who was forced to pay firm debts) against the defendant administrator of J, for damages sustained by the defendant's failure to execute the award: (1) That the act of 1879, ch. 183, making a party to a suit upon a judgment rendered or a bond executed previous to August 1, 1868, an incompetent witness, does not apply, as this action is not founded on a judgment or bond. (This act is now superseded by the act of 1883, ch. 310). (2) The payment of the sum found due to the plaintiff was not a full execution of the award, and does not relieve the defendant from paying the firm debts. (3) It requires no judicial investigation to determine the character of these debts by reason of the fact that the notes bore the individual signatures of the partners, since the defendant was informed by his intestate that they were firm debts.

2. *Held further :* The seven year statute of limitations barring suits against a decedent's estate does not apply here. The action is not on an indebtedness of the defendant's intestate, but arises out of the defendant's failure to pay certain common liabilities, and the court below properly rendered a personal judgment.

(*Morgan* v. *Bunting*, 86 N. C., 66; *Brown* v. *Cooper*, 89 N. C., 237; *Blossom* v. *Van Amringe*, 63 N. C., 65; *King* v. *Mfg. Co.*, 79 N. C., 360; *Pickens* v. *Miller*, 83 N. C., 543, cited and approved).

CIVIL ACTION tried at Fall Term, 1882, of MECKLENBURG Superior Court, before *Graves, J.*

The defendant appealed from the judgment of the court below.

*Messrs. Bynum & Grier*, for plaintiff.
*Messrs. Wilson & Son*, for defendant.

SMITH, C. J. The copartnership which had subsisted for several years between the plaintiff and the defendant's intestate, not having been settled during the life-time of the latter, and there being other matters in dispute between the parties to the action not connected with the joint business, for an adjustment thereof they agreed upon a reference to three designated persons and to abide by their award. The arbitrators, on March 13th, 1864, rendered their award as follows:

"That as to the partnership between said parties from all that is now made to appear, the existing partnership assets of every kind belong to John B. Clanton and that he is liable for the payment of all the debts which said firm may still owe; that after allowing all the credits claimed, John B. Clanton owes W. D. E. Clanton the sum of one thousand six hundred and sixteen dollars and four cents, due on the 13th of March, 1864."

Subsequently is annexed: "We further award that W. D. E. Clanton make, execute and deliver to John B. Clanton, a quit claim deed to his interest in a tract of land on the Catawba river at the Tuckasegee Ford, which was sold and conveyed by John B. Clanton."

Accompanying the award is an account stated between the partners of their individual transactions outside of the joint business, from which appears to be due the sum of $1,616.04, as set out in the award.

7

The plaintiff was afterwards sued upon two of the firm notes and his property sold under execution issued to enforce payment, for which sum, as well as for the moneys paid to two other creditors of the partnership, as damages sustained by reason of the defendant's failure to execute the award, the present action is prosecuted. Several issues raised by the answer were prepared and submitted to the jury, which, with their findings thereon, are these:

1. Was there any arbitrament and award, and, if so, was the defendant to pay all the debts of the firm of which plaintiff and defendant's intestate were partners? Answer—Yes.

2. Were the debts alleged by the plaintiff to be debts of the firm, copartnership debts? Answer—Yes.

3. Has the plaintiff paid the debts as alleged? Answer—Yes.

4. Has the defendant performed the award? Answer—No.

5. Is the plaintiff's right of action barred by the statute of limitations or any part thereof? Answer—The thirty and fifty dollar notes are barred.

Upon the trial of these issues the plaintiff introduced the record of the court showing the rendition of judgments in favor of one Brown and wife against himself upon two notes executed in 1857, and for the payment of money only, and then offered himself as a witness to prove declarations of the defendant that the notes were given for debts of the firm. This testimony was objected to as incompetent under the act of March 11, 1879 (Acts 1879, ch. 183), but admitted by the court, and the witness proceeded to state, that after judgment had been recovered in the suit of Brown and wife, the defendant told him that the debt was one of the partnership, and his intestate had directed him to pay it.

This is the first exception required to be considered, and is, in our opinion, without force. The act to which reference is made, superseded and repealed since by the act of 1883, ch. 310, but then in operation and applicable to the evidence, does not embrace the present case. This is not an action *"founded* on any

*judgment* rendered" or "on any *bond* under seal for the payment of money or conditioned to pay money, executed previous to the first day of August, 1868," nor indeed upon any *bond* or *judgment,* but upon the *obligation* imposed by the award, and the judgment is used as evidence and the measure of the damages to which the plaintiff is entitled for violating it. *Morgan* v. *Bunting,* 86 N. C., 66; *Brown* v. *Cooper,* 89 N. C., 237.

The sum found to be due, and specified in the award, it was conceded had been paid by the defendant.

The court was requested by the defendant's counsel to charge the jury in substance:

1. That the payment of the sum of $1,616.04 was a full execution of the award and an exoneration from further liability thereon.

2. That if the plaintiff failed to assert his claim to the defendant within seven years after the intestate's death, it was barred and he could not recover.

3. That the notes not appearing upon their face to be partnership obligations, but bearing the individual signatures of the partners, there must be an adjudication to establish their true character before the non-payment of them could operate as a breach of the award.

The court refusing to give these instructions, charged the jury that the award is, that the defendant shall have the effects of the firm and pay off its debts; that the account is but a statement of the personal dealings between the parties and does not affect the copartnership; that the jury must determine from the evidence whether the notes were for debts of the firm, and proof of this must come from the plaintiff; that it does not appear that defendant has paid any of the firm liabilities, and he must show that he has paid all such as were brought to his knowledge; that he is not held to the same measure of responsibility as an administrator, and is only required to pay such as he has notice of; and that the statute of limitations has no application to the case.

The defendant excepts to the refusal of the court to give the directions asked, and also to those which were given in their stead.

We are unable to see any just grounds for complaint on the part of the appellant.

The plain and manifest intent of the arbitrators, as disclosed in the award, is to charge the defendant with the payment of all outstanding debts of the firm, while the account ascertains alone the result of their personal transactions with each other.

An award is not unlike a verdict, and the duty of the arbitrators is best discharged in the words of the late Chief-Justice "by a simple announcement of the result of their investigations." *Blossom* v. *Van Amringe*, 63 N. C., 65; and repeated in *King* v. *Manfg. Co.*, 79 N. C., 360; see also, *Pickens* v. *Miller*, 83 N. C., 543.

Assuming the account as part of the award, it contains nothing to qualify the force of the words used in placing upon the defendant the responsibility of providing for the joint debts and protecting the plaintiff therefrom.

2. Equally untenable is the contention that a judicial investigation and determination of the character of the notes was necessary to impose on the defendant the duty of taking them up. He himself knew from his intestate that they were of that kind, and, possessing this information, he is in default in not pursuing his intestate's directions and performing his own undertaking to discharge them.

3. We concur with the court that the statute does not obstruct the plaintiff's recovery. The agreement to refer is personal to the defendant, and so in terms in the award. In effect it charges the defendant with, and protects the plaintiff from, the firm liabilities. The action is not on an indebtedness of the intestate, subsisting at his death and putting the statute in motion, but springs out of the defendant's omission to pay certain common liabilities, which the award requires him to pay. This exception of the defendant must be overruled.

4. The remaining exception is to the form of the judgment rendered. The assets in the defendant's hands, whether sufficient or not, are not involved, and the judgment must be personal. We have treated the action as one against the defendant in his individual capacity and not as representing the intestate, although he is called administrator, for the structure of the complaint and the cause of action set out therein, as arising out of an undertaking to abide by the award, show the action to be personal.

But the parties seem to have considered the award as not imposing a personal obligation upon the defendant, and the agreement to submit as a means of ascertaining a disputed indebtedness of the intestate, and not the creation of an individual responsibility, we deem it proper to remand the case in order that such direction may be given to it as will enable the parties to carry out their intent in the matter after this adjudication of the questions presented by the appeal to this court for its determination.

Remanded.