Vaughan v. McGannon.

---

VAUGHAN v. McGANNON.

PARTNERSHIP: *Authority of co-partner: Pleading: Evidence.*

A due bill executed by one of two partners is the liability of both where it is exe-
cuted in the name of the partnership business, and as evidence of a part-
nership debt. And where in an action thereon against both partners, com-
menced in a justice's court, without other pleading than the filing of the due
bill, the authority of the party executing the instrument is denied by his co-de-
fendant, no amended or further pleading by the plaintiff is necessary to the
admission of evidence competent to establish the partnership.

APPEAL from *Washington* Circuit Court.

J. M. PITTMAN, Judge.

Vaughan brought an action in a justice's court against
McGannon & Sanders on the following instrument, which was
filed without written complains:

Vaughan v. McGannon.

"MARCH 1, 1887.

"Due G. W. Vaughan, $131.65 for cattle.

"W. J. SANDERS,

"P. M. McGANNON."

Sanders made no defense. McGannon filed an answer, in which he alleges that the due bill was not signed by him or by any person authorized by him to sign it.

On appeal to the Circuit Court, the cause having been submitted to a jury, and McGannon having testified that he did not execute or authorize any one to execute the due bill, and that he and Sanders were not partners in buying and shipping stock, the plaintiff asked leave to amend his pleading so as to aver a partnership liability on the part of McGannon. The court refused to permit the amendment, and the plaintiff then offered to prove by Sanders that he and McGannon were partners in purchasing and shipping stock at the time the due bill was given, and that he executed it for cattle purchased for the partnership. The plaintiff also offered to prove that McGannon had admitted the existence of the partnership, and had paid similar due bills executed by Sanders, on the purchase of cattle by the latter for himself and McGannon. But the court refused to permit such evidence to be given to the jury. The verdict and judgment were for the defendant, McGannon, and the plaintiff appealed.

*L. Gregg*, for appellant.

Evidence of the partnership was admissible, and no amendment to the pleadings was necessary to admit it. *42 Ark., 503; 37 Ark., 592; 19 Fed. Rep., 727; Mansf. Dig., secs. 5075, 5080-84; 26 Ark., 405; 42 Ark., 58.*

PER CURIAM. If Sanders and McGannon were partners, and the due bill in question was executed by one of them in the name of the partnership business as evidence of a partnership debt, it was the liability of both. No amendment of the plaintiff's pleadings was necessary to authorize proof of the

PARTNER-
SHIP:
Pleading:
Evidence.

partnership. The court erred in excluding the testimony relating to that fact.

Reverse and remand.