In re MOSIER.

(District Court, D. Vermont. December 2, 1901.)

1. BANKRUPTCY—PROPERTY VESTING IN TRUSTEE—INTEREST IN ESTATE.
    The interest of a bankrupt in his father's estate, vested before the bankruptcy, although undetermined, becomes vested by the bankruptcy in his trustee.

2. SAME—EXEMPTIONS—PARTNERSHIP PROPERTY.
    A bankrupt, who is also surviving partner in a bankrupt partnership, is not entitled to claim exemptions from property which belongs to the partnership estate.

3. SAME—PARTNERSHIP—RIGHTS OF FIRM CREDITORS IN ESTATE OF PARTNER.
    Joint and several notes given by partners for partnership liabilities constitute debts of the partnership, notwithstanding the individual liability of the partners thereon, and the holders of such notes are not entitled to share in the individual estate of a partner in bankruptcy.

In Bankruptcy. On review of decision of referee.

Rustedt & Locklin, for bankrupt.

Gaylord F. Ladd and Emmet McFeeters, for trustee.

WHEELER, District Judge. The lands paid for by the partnership, although deeded to the partners as individuals, belong in equity

to the partnership, according to well-settled principles; but those deeded to an individual partner, and treated as his, as if paid for out of partnership funds, to be reckoned against him as a part of his shares, are, of course, his. All property of the bankrupt, from whatever source, except exemptions, vests immediately in the trustee. The interest of Mosier in his father's estate, already before vested in him, although undetermined, would apparently be so vested now in the trustee.

Partnership creditors have a lien, in equity, upon partnership property for the payment of the partnership debts. Washburn v. Bank, 19 Vt. 278. This right is expressly provided for in the bankrupt law. Section 5f. But individual creditors have no lien, at common law or in equity, upon individual property, against partnership creditors for individual debts. Bardwell v. Perry, 19 Vt. 292, 47 Am. Dec. 687. That right is provided for by, and rests wholly upon, the bankrupt law. Debtors have exemptions only out of what they own, and, if less than the whole, only according to their own interests. Partners in an insolvent partnership have no interests of their own in the partnership property, but the whole is subject to the lien of the partnership creditors. So there is nothing in the partnership property of such a partnership out of which the surviving partner is entitled to any exemptions. The decision of the referee is as to all these matters affirmed.

The joint and several notes given by the partners for partnership liabilities are none the less partnership debts because the partners are also individually liable. By the terms of the same section of the bankrupt act, no part of the separate property is to go for partnership debts till the separate debts are fully paid. Therefore there can be no individual assets of Mosier in which these partnership creditors can be entitled to participate.

Participation of joint and several partnership creditors in individual assets, before individual creditors are paid in full, denied.