YOUNG *v.* STEVENSON.

Opinion delivered January 7, 1905.

1. BANKRUPTCY—EFFECT OF DISCHARGE.—The effect of a discharge of a firm "from all debts and claims which are made provable by the acts of Congress against its estate," existing at the date of the

filing of the petition in bankruptcy, was to release the members of the firm individually and as partners from all the provable debts of the firm not specially excepted by the terms of such acts. (Page 483.)

2. SAME—CONCLUSIVENESS OF DISCHARGE.—A discharge in bankruptcy is the judgment of a court of competent jurisdiction, and cannot be collaterally attacked, on the ground that the bankrupt failed to include some of his assets in the schedules of his property. (Page 483.)

3. DISCHARGE IN BANKRUPTCY—OPERATION.—A discharge in bankruptcy operates only upon such debts as are provable, and the question whether or not a particular debt has been released by it is left to be determined by the court in which action is brought to enforce the debt. (Page 483.)

4. PARTNERSHIP DEBT—EVIDENCE.—While a note signed individually by each member of a firm is *prima facie* the several obligation of each, and not a partnership debt, proof *aliunde* is admissible to show that it is a partnership debt. (Page 483.)

5. DISCHARGE IN BANKRUPTCY—EFFECT.—A discharge in bankruptcy of a partnership will bar the enforcement of a note signed individually by each member of the firm upon parol proof that it represented a debt of the partnership. (Page 484.)

Appeal from Sebastian Circuit Court.

STYLES T. ROWE, Judge.

Affirmed.

*Winchester & Martin,* for appellant.

It was error to admit testimony to explain the terms of the notes of Stevenson and Munder or the judgment rendered against them. 25 Ark. 606; 26 Ark. 231; 2 Black, Judg. § § 625, 626; 11 Fed. 657; Bates, Partnership, § 453a. The discharge granted to Stevenson and Munder did not release the former from his personal debts. Bump, Bankr. 66, 67; 3 Am. Bank. R. 1, 91, 66.

*F. A. Youmans,* for appellee.

The judgment was covered by the discharge in bankruptcy. 74 S. W. 249; 30 U. S. § 15, p. 550. The discharge is conclusive, and cannot be collaterally attacked. Black on

S C—16

Bankr. 89. It was proper to show that the judgment was a partnership debt. 112 Fed. 138; 151 Ill. 239; 42 Am. St. R. 237; 27 Vt. 512; 52 Ark. 244. The court's finding is conclusive unless there is a total lack of evidence to support it. 36 Ark. 260; 40 Ark. 144; 60 Ark. 250. The judgment was covered by the discharge. 96 Fed. 589, 592; 97 Fed. 32, 757.

McCULLOCH, J. This is an appeal from a judgment quashing a writ of execution sued out by appellant against appellee on a judgment rendered by a justice of the peace and afterwards filed in the circuit court. The judgment was against appellee Stevenson and Munder upon notes executed to appellant and signed individually by each, and upon an account for money paid by appellant for appellee and Munder.

Subsequent to the rendition of this judgment, appellee and Munder, as partners, and Munder, individually, filed their petition in bankruptcy in the District Court of the United States for the Western District of Arkansas, and scheduled the Young judgment among their partnership debts, and notice was given to appellant according to the practice under the bankruptcy act of Congress, but he did not appear and prove his claim against the estate of the bankrupts. Appellee joined in the petition in bankruptcy as a member of the firm, praying for a discharge from the partnership debts, but did not schedule any separate individual debts or assets, nor ask for a discharge from his individual debts. In due time a discharge was entered in the bankruptcy courts in favor of each of the petitioners separately, but subsequently this was set aside by the court as an erroneous entry by the clerk, and an order was entered *nunc pro tunc* in due form discharging the firm of Munder & Stevenson, composed of Millie Munder and W. H. Stevenson, "from all debts and claims which are made provable by the acts of Congress against its estate" and existing on the date of the filing of the petition in bankruptcy.

The execution was issued after the discharge in bankruptcy, and appellee filed his motion to quash on the ground that the judgment was a partnership debt of the firm of Munder & Stevenson. Testimony was introduced, over the objection of appellant, tending to prove that, though the notes upon which the judgment was rendered were signed individually, they

were in fact obligations of the firm, and that the consideration therefor went to the firm. The court below found that the notes were partnership debts; and as there was sufficient evidence to sustain the finding, we must treat that fact as established.

The effect of the discharge in bankruptcy was to release the members of the firm individually and as partners from all the provable debts of the firm save those specially excepted by the terms of the statute, such as judgments in actions for fraud or false pretense, etc.

The discharge is the judgment of a court of competent jurisdiction, and cannot be collaterally attacked. Collier on Bankruptcy, p. 174; Black on Bankruptcy, p. 88; Loveland on Bankruptcy, p. 785; *Fuller* v. *Pease,* 144 Mass. 390; *Corey* v. *Ripley,* 57 Me. 69; *Bailey* v. *Carruthers,* 71 Me 172; *Howland* v. *Carson,* 28 Ohio St. 625; *Milhous* v. *Aicardi,* 51 Ala. 594; *Stevens* v. *Brown,* 49 Miss. 597; *Brady* v. *Brady,* 71 Ga. 71; *Talbott* v. *Suit,* 68 Md. 443.

It is contended by counsel for appellant that the discharge was not effective to release appellee from liability individually from the partnership debts because he failed to include his individual assets in the schedules. If it had been shown to the bankruptcy court that appellee owned property not included in the schedules, that would have been ground for refusal of the discharge, or for revocation of the discharge by that court after it had been granted; but that question should have been litigated in the bankruptcy court, and the judgment of that court in granting the discharge is conclusive of the right to contest it on that ground.

The discharge operates only upon such debts as were provable, and the question whether or not a particular debt has been released by it is left to be determined by the court in which action is brought to enforce the debt. It was proper therefore for the court to enter upon an inquiry whether or not the debt in controversy was in fact a provable claim against the estate of the bankrupt and was discharged. Collier on Bankruptcy, p. 191; Loveland on Bankruptcy, p. 760; In re *Rhutassel,* 96 Fed. 597; In re *Mussey,* 99 Fed. 71; In re *Wright,* No. 18065, Fed Cases.

Was this a provable claim against the partnership estate of the bankrupts? Only partnership debts were discharged; and unless it has been shown that the debt in controversy was a partnership debt, it was not released, and can yet be enforced. A note signed individually by each member of a firm is *prima facie* the several obligations of each, and not a partnership debt. But the note may be shown by proof *aliunde* to be a partnership debt. Bates on Partnership, § § 452, 453; In re *Mosier,* 112 Fed. 138; *Farwell* v. *Huston,* 151 Ill. 239; *Trowbridge* v. *Cushman,* 24 Pick. 310; *Kendrick* v. *Tarbell,* 27 Vt. 512; *Mix* v. *Shattuck,* 50 Vt. 421; *Spalding* v. *Wilson,* 80 Ky. 589; *Clanton* v. *Price,* 90 N. C. 96; *Carson* v. *Byers,* 67 Iowa, 606; *McKee* v. *Hamilton,* 33 Ohio St. 7.

The true test is: would the bankruptcy court have allowed the claim against the partnership so as to participate in the distribution of the partnership assets? That court, in a bankruptcy proceeding, was sitting as a court of equity, and we think that beyond question it would have allowed the claim upon proof establishing the fact that, though the notes were signed individually by the members of the firm, they represented debts of the partnership.

No rule of evidence was violated in admitting parol proof to establish this fact, as it did not vary or contradict the terms of the written obligation. *Vestal* v. *Knight,* 54 Ark. 97; *Bloch Queensware Co.* v. *Metzger,* 70 Ark. 232; *Vaughan* v. *McGannon,* 52 Ark. 244.

The judgment of the circuit court in quashing the writ of execution is therefore affirmed.