(64 South. 221)

No. 19,803.

ANDRUS v. CORNWELL et al.

(Jan. 5, 1914. Rehearing Denied Feb. 2, 1914.)

*(Syllabus by the Court.)*

1. BANKRUPTCY (§ 419*)—DISCHARGE—ACTION TO SET ASIDE—JURISDICTION.

Where a United States District Court has granted a discharge to a bankrupt, an action to set aside the discharge on the ground that the bankrupt concealed some of his property must be a direct action brought in the court that granted it, and it is only where the discharge is an absolute nullity that any other court has a right to so declare it.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 843–852; Dec. Dig. § 419.*]

2. BANKRUPTCY (§ 418*)—RES JUDICATA.

Where the trustee of a bankrupt opposes his discharge on the ground that he has failed to turn over property belonging to him, but standing in his wife's name, and the United States court, wherein the bankruptcy is pending, holds that the property is not that of the bankrupt, but that the paraphernal property of the wife, the judgment concludes the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 764–771; Dec. Dig. § 418.*]

3. BANKRUPTCY (§ 417*)—DISCHARGE—ACTION TO SET ASIDE—LIMITATION.

An action to set aside the discharge of a bankrupt must be a direct action and must be brought within a year of the discharge, and, even if this court had jurisdiction of an action to set aside the judgment of discharge of the United States Court, it could not do so, as more than a year has elapsed since the judgment of discharge was rendered.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 867–871; Dec. Dig. § 417.*]

Provosty, J., dissenting.

Appeal from Eighteenth Judicial District Court, Parish of Acadia, Wm. Campbell, Judge.

Action by Martin J. Andrus, trustee, against Mrs. Lavancha M. Cornwell and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Smith & Carmonche, of Crowley, for appellant. Shelby Taylor and J. A. Gremillion, both of Crowley (Chappuis & Holt, of Crowley, of counsel), for appellees.

BREAUX, C. J. This is a suit by the trustee in bankruptcy of Ellis Cornwell against his wife to compel her to deliver to the bankruptcy of Ellis Cornwell, her husband, certain grounds and improvements thereon in Crowley in block 6 (125), numbered 8, 10, 11, 12, 13, 14, 15, 16. It is alleged that she claims to have bought these lots from her son, Chamller Cornwell, on the 10th of May, 1899. That, after her purchase, the improvements thereon were constructed.

That, although in her name, the property was bought by the community between Ellis Cornwell and his wife, Mrs. Lavancha M. Lyons, for the price and the improvements were paid with community funds.

The plaintiff, trustee, asks that this property be declared to be the property of the community and subject to the claim of her husband's creditors.

Ellis Cornwell is insolvent, and has been declared a bankrupt upon his own petition.

The trustee asks that the property be delivered to him in order that it may be sold by him and the proceeds applied to pay the debts of Ellis Cornwell.

The wife, Mrs. Lavancha M. Cornwell, claims the land as her own, also the improvements; she gives the details of the price to show that the land and the improvements were paid for from her separate paraphernal funds, inherited from her father and mother, over which she had complete control and management; that she paid the taxes thereon and always exercised the dominion of an owner over the property.

An exception was interposed by the defendants, including the plea of res judicata. They therein, in substance, alleged that on January 17, 1909, Ellis Cornwell was adjudged a bankrupt in the District Court of the United States for the Western District of Louisiana; that on the 23d of February, 1909, he applied for his discharge, which Andrus, trustee, opposed as representative of the creditors, alleging that on November 4, 1910, a judgment was rendered by the Hon. Alex Boarman, judge of the federal court, dismissing the opposition and discharging Cornwell from his debts.

In proof of the allegation, plaintiff in exception (defendant in suit) produced copies of the proceedings of the District Court of the United States.

The judgment of the federal District Court, dated the 4th day of November, 1910, discharged the bankrupt from all debts provable by act of Congress which existed on the 17th day of January, 1909, on which day the petition for adjudication was filed.

This judgment became effective if no opposition is filed within twenty days from date of judgment.

Defendants pleaded this discharge as res judicata.

Within the 20 days, Andrus, trustee, filed an opposition to the discharge of the bankrupt, in which he represented: That he filed an opposition to the discharge of the bankrupt on March 23, 1909. That there was a hearing on the opposition in which testimony was taken and submitted to the referee. That a judgment was rendered on the 4th day of November, 1910, discharging the bankrupt.

His opposition, filed on November 28, 1910, sets forth that he has the right to a new trial on the ground that the judgment of discharge is contrary to law and evidence; that the property did not belong to Mrs. Lavancha M. Cornwell, although title was taken in her name; but that the property belonged to Mr. Cornwell, the husband, who was not entitled to his discharge.

On this application for a new trial, the federal judge ordered that the referee take up the matter alleged for the new trial and ordered that evidence be taken.

After the evidence had been taken and due proceedings had, the judge of the federal District Court rendered a final judgment, overruling and dismissing the opposition of the trustee and pronouncing the judgment final.

The judge of the state district court heard the plea of res judicata, filed before his court in the suit brought therein by the trustee, maintained the plea, and dismissed the suit.

The trustee appealed to this court.

Plaintiff very earnestly urged that the claim to the property is only colorable, and for that reason the bankruptcy court has jurisdiction to compel the surrender of the property in bankruptcy in order that it may be sold and the proceeds distributed among the creditors.

Learned counsel quotes the following in his brief: If there is any case in which it does not possess that power, it is when the claims are apparently bona fide, citing Federal Statutes Annotated, vol. 1, supplement 1912.

The principle above laid down is correct; it is only lacking in its applicability to the issues in the present case, for a court of competent jurisdiction has decided that the trustee could not lay hold of the property and

has considered and decided all other points, sufficient at any rate to bind the trustee and prohibit him from proceeding in another court to undo that which has been done directly by the bankruptcy court. The court in addition must have concluded that the deed was at least bona fide.

[2] The next position taken by plaintiff, the trustee, was: That the property, though in the name of the wife, was presumed to belong to the bankrupt, and that it passed to the trustee under section 70 of the bankrupt law. Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], as amended by Act Feb. 5, 1903, c. 487, § 16, 32 Stat. 800 [U. S. Comp. St. Supp. 1911, p. 1511]. That the trustee could claim the property under the authority of the presumption stated. That the wife was a necessary party in the proceedings in the federal court as on the face of the papers it was paraphernal property.

If that court acted upon the theory just stated, it certainly concludes the trustee and renders it impossible for him to maintain the action.

As to section 70 of the Bankruptcy Law, cited, the provision of a part of this law is that the trustee is vested with the title to the property of the bankrupt. The court did not take that view as relates to the property of the wife, as it excluded it from the property of the bankrupt. It was certainly excluded in so far as the trustee was concerned by whom the question of the ownership of the property was propounded and answered unfavorably to his contention. The section in question reads:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. * * * For the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any state court which would have had juris-

diction if bankruptcy had not intervened, shall have concurrent jurisdiction."

The federal court certainly has concurrent jurisdiction and positively decided that the trustee has no right to the property.

That court had the undoubted authority to act and did act after having considered the title to this property which is in the name of the wife.

At this time and in these proceedings, the trustee cannot escape the effect of the judgment.

[3] Not only that: The bankrupt applied for his discharge; his application was opposed. One of the grounds of opposition was that he should surrender the property which was in the name of his wife.

[1] The court considered the grounds of the opposition and overruled and dismissed the opposition, and despite this opposition discharged the bankrupt on May 29, 1912. It follows that over a year has elapsed since his discharge. No suit was ever brought to revoke the discharge, nor has it ever been attacked in any way. The suit may be instituted within a year after the discharge for a revocation of a discharge before the court of original jurisdiction. The state court has no jurisdiction to revoke the discharge granted by the federal court. Under all system of law, the court of original jurisdiction alone has the right to revoke its judgment unless it is absolutely null and void, and then it may be so declared by any court. No one asserts here that the judgment is null and void. Plaintiff does not attempt to revoke the discharge. His purpose is to treat the judgment as ineffective in so far as relates to the wife's claim to the property. It must be remembered that the federal District Court decided that this property was not a part of the property of the bankrupt, a decision which we must hold as binding in so far as the trustee is concerned. No appeal was taken. If the trustee thought that the judgment was er-

roneous, his remedy was by appeal. The Circuit Court of Appeal is invested with appellate jurisdiction. Foster's Federal Practice (5th Ed.) p. 2337, § 656.

There must be a direct attack made on the discharge; it cannot be considered an absolute nullity, and that attack must be made in the federal court. It would be the occasion of confusion if a bankrupt were subject to an attack upon his discharge in all courts. A discharge in bankruptcy cannot be collaterally attacked. Young v. Stevenson, 73 Ark. 480, 84 S. W. 623.

It is not impeachable in a state court on the ground that the bankrupt was guilty of willfully concealing property. Id.

Here the opposition of defendant has much greater force, for all the questions presented by plaintiff have heretofore been decided in matter of the bankruptcy proceedings. Foster's Federal Practice, vol. 2, p. 2166, § 643.

The trustee in bankruptcy has the right in the bankruptcy proceedings to set aside liens, preferences, and conveyances. Foster's Federal Practice (5th Ed.) 2166, 644.

If, however, the federal court has jurisdiction of the question involved, as it undoubtedly has, the title here is not assailable. If there is a right and it was not within the reach of the bankruptcy court (we think it was), then there must be another action than the one here instituted. For years this action remained dormant on the docket of the civil district court. Nothing was done until quite a time after action had been taken in the bankruptcy proceedings and the issues decided.

We will note before concluding: Whether the property belonged to the husband or the wife or the community is not a matter to be considered, as the question has been decided by a court of competent jurisdiction. We do not consider it essential to pass upon the plea of res judicata further than we have in determining the issues as heretofore.

For reasons stated, the judgment of the district court is affirmed.

PROVOSTY, J., dissents.